Dameon Ray Franklin  T-29665
Kern Valley State Prison
PO Box 5103  C4-107
Delano, CA 93216

**FILED**

AUG 1 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

UNITED STATES DISTRICT COURT

*WHA*

NORTHERN DISTRICT OF CALIFORNIA

*(PR)*

IN re:

DAMEON RAY FRANKLIN

ON

HABEAS CORPUS

CASE **08     3811**

PETITION FOR WRIT OF
HABEAS CORPUS 28 U.S.C. §2254

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

**Alameda County Superior Court**                              **1225 Fallon St.**
**Oakland, CA 94612**                                          Location
Court

(b) Case number, if known **136007B**
(c) Date and terms of sentence **18 Years 9/7/01**
(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes**XXX** No ___

Where?**Kern Valley State Prison   PO Box 5103 C4-107   Delano, CA 93216**
       (Name of Institution)                        (Address)

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

**§261(A)(2); 264.1, 288(A)(D)**

3. Did you have any of the following?

Arraignment: Yes**XX** No ___   Preliminary Hearing: Yes **XX** No ___ Motion to Suppress: Yes ___ No ___

3

4.    How did you plead?

Guilty _____    Not Guilty **XX** _____    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury **XX** _____    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?    Yes __    No**XX**

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment    Yes **xx**          No __
(b)    Preliminary hearing          Yes **XX**          No __
(c)    Time of plea    Yes __          No __
(d)    Trial    Yes**XX**          No __
(e)    Sentencing    Yes __          No __
(f)    Appeal    Yes **XX**          No __
(g)    Other post-conviction proceeding    Yes __          No**XX**

8.    Did you appeal your conviction?    Yes**XX**    No __

(a)    If you did, to what court(s) did you appeal?

| | | | | |
|---|---|---|---|---|
| Court of Appeal | Yes __ **XX** | No __ | **2002** (Year) | **Affirmed** (Result) |
| Supreme Court of California | Yes**XX** | No __ | **2004** (Year) | (Result) |
| Any other court | Yes __ | No __ | (Year) | (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?          Yes __    No **xx**

(c)    Was there an opinion?    Yes __    No**xx**

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
          Yes __          No __

4

3

If you did, give the name of the court and the result:

---

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes **xx**    No __

**Petition For Writ of Habeas Corpus (Alameda County Superior Court) [Petition submitted March 1, 2007]**

**Order Denying Petition For Writ of Habeas Corpus (Alameda County Superior Court, April 30, 2007)**

**Petition For Writ of Habeas Corpus in the California Supreme Court [Petition submitted September 28, 2007]**

**Order Denying Petition For Writ of Habeas Corpus March 19, 2008**

Please be apprised habeas corpus petition submitted were the results of the United States Supreme Court decision of **CUNNINGHAM v. CALIFORNIA,** (Decided January 22, 2007, **No.** 05-6551; **WL** 135687.

It is apparent the above case is on point with issues raised in petitioner's habeas corpus. However, it is also apparent due to issues which were "not" addressed nor made clear in the court's decision, state courts refused to address the same, advising petition the federal courts made this mess and thus federal courts should "clean up" their own mess. The above case has far reaching affects. A clear and definitive decision as to rectroactive affects of the **CUNNINGHAM decision** is imperative.

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court **Alameda County Superior Court**

Type of Proceeding **Petition For Writ of Habeas Corpus**

Grounds raised (Be brief but specific):

a.    **Trial court erroneously selected the Upper Term and Full Term Consecutive Sentence as to Count 2**

b.    **Petitioner object to the sentencing court's reliance on facts not found by a jury to impose the upper term**

c.    **Appellate counsel was grossly ineffective by counsel's failure to recognize and submit the sentencing court's failure to comply with the Cal Rules of Court; said sentencing court used count 1 to enhance and impose the upper term as to count 2**

Result **Denied**                         Date of Result **4/30/07**

II.    Name of Court **Supreme Court of California**

Type of Proceeding **Petition For Writ of California**

Grounds raised (Be brief but specific):

a.    **\*Same issues as previously raised in Alameda County Superior Court.**

b.

c.

d.

Result **Denied**                         Date of Result **2/19/2008**

III.    Name of Court

6

Type of Proceeding _____ **N/A** _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes __ No X

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: _____

**Claim One**

### The Trial Court Erroneously Selected The "Upper Term" And "Full Term Consecutive Sentence" As To Count 2

The trial/sentencing court as a matter of judicial protocol during the sentencing proceedings state its reasons as a matter of sentencing choice, in this case "imposition of the Upper Term – consecutive." The sentencing court Must state its reasoning for imposition for **Penal Code §667.6(c)**, as opposed to sentencing petition pursuant to **Penal Code §1170.1(a)**. The transcript of Sentencing is here attached for this court's review. It is noteworthy the sentencing court gave no judicial and or legal justification for said sentence imposed.

Imposition of sentences under this **"special provision"** of **Penal Code §667.6(c) & (d)** are referred to as **"full boat consecutive sentences."** Review of the attached sentencing transcript reveal the obvious revelation the sentencing court imposed the **"full boat – full term stacking"** of said sentence imposed to petitioner. It is also a further revelation and legal fact of law the sentencing court had absolutely no justification whatsoever to impose said sentence to petitioner.

The sentencing court further failed miserably to comply with the **California Rules of Curt,** which mandate sentencing court state upon the record during sentencing proceedings its reasons for employing the sentencing choice selected. In this case the legal reasoning as to "why" **Penal Code §667.6(c) & (d)** was imposed.

The sentencing court erroneously used **count 1 <u>to enhance and impose the upper term as to</u> count** 2. Once again the sentencing court made unto itself non-legal and non-judicial aggravating factors to justify imposition of **fullboat – full-term stacking of consecutive sentences. It is also noteworthy** this certainly was a matter the jury should have had the sole opportunity of considering. Not the trial judge.

**Review of the enclosed and attached Sentencing Transcript will clearly reveal the sentencing court used the "age of the victim"** to further the sentencing court's agenda. Petitioner, based upon the "off-the-record comments by the sentencing court" <u>**DOES NOT**</u> rule out the alleged victim's race as a major factor in conjunction with the imaginary court-stated vulnerability of this street-wise victim.

It is most interesting how skillfully the sentencing court "said some required words as window-dressing" for the record, yet and while acknowledged, did not act upon those very same words and phrases.

-7

The sentencing court, on the record, acknowledged petitioner "came forth" to law enforcement and made plain who the actual perpetrator were and led law enforcement to where these individuals could be found. Plain and simply put ... minus petitioner's actions and as the sentencing court acknowledged, it is highly improbable an arrest would ever have been made in this case. (**Sentencing Transcript, Pg** ).

**Claim Two**

> **Petitioner Object To The Sentencing Court's Reliance On Facts Not Found By A Jury To Impose The Upper Term**

The sentencing court blatantly violated petitioner's **Six Amendment** right to a jury determination by relying on facts not found to be true by a jury to further the sentencing court's agenda, its justification in the sentencing court's imposition of of the upper term of **9 years consecutive for violation of Penal Code §261(a)(2), §264.1, and §261(a)(2).**

The sentencing court considered as aggravating circumstances petitioner's prior unsatisfactory performance on probation. The sentencing court stated during the sentencing proceedings <u>the court found</u> the victim particularly vulnerable because of the age of the victim coupled with the fact the victim being highly intoxicated. The sentencing court found no error in this mind-set which is suspect as a matter of law, **People v. Black,** (2005) 35 Cal.4th 1238. The sentencing court is in error. The damage done to petition was not harmless. The unsubstantiated phantom-aggravation the sentencing court opted to create and use predicated upon judicial innuendo served to extend the time petitioner must spend in state prison! The prejudice, the harm done to petitioner is substantial.

**Claim Three**

> **Imposition Of An Upper Term Sentence Violated Petitioner's Federal Constitutional Right To Proof Of Each And Every Element And Allegation Charged Beyond A Reasonable Doubt With Due Process of Law In Conjunction With The Sixth And Fourteenth Amendment To The United States Constitution.**

Under **CUNNINGHAM, imposition of** California's Upper Term **based on facts enume-rated in Cal Rules of Court, Rule 4.421,** found true by a judge by a prepon-derance of the evidence is uncxonstitutional.

In **Blakely v. Washington,** (2004) 542 U.S. 296,313, The **United States Supreme Court held that** "every defendant has the right to insist that the prosecutor prove to the jury <u>all facts legally essential to the punishment.</u>" This means

there exist a federal constitutional right to a jury trial and proof beyond
a reasonable doubt "'for any fact (other than prior convictions) that increase
the maximum penalty for a crime,"' Apprendi v. New Jersey, (2002) 5 0 U.S.
466, 476, 490.

The maximum sentence to which a judge can sentence a defendant without'ad-
ditional factual findings by a jury is the maximum sentence a judge may impose
solely on the basis of the facts reflected in the jury verdict or admitted by
the defendant," Blakely v. Washington, supra, 542 U.S. at p.330, emphases
mine.

Subsequent ' to BLAKELY, the California Supreme Court reasoned that since
the Determinate Sentencing Law (DSL) triad represents a "statutory range"
which the judge may impose based upon traditional judicial fact-finding atten-
dant to the imposition of sentence, imposition of the upper term is the statu-
tory maximum in California, People v. Black, (2005) 5 Cal.4th 1238. However,
on January 22, 2007, the United States Supreme Court "rejected the California
Supreme Court reasoning in BLACK, nullifying that decision. CUNNINGHAM
established that because imposition of DSL Upper Term requires findings of
additional aggravating circumstances beyond the minimum elements of the of-
fense and that "the middle term prescribed in California's statutes, not
the upper term, is the relevant statutory maximum" for APPRENDI-BLANKELY
purposes, CUNNINGHAM v. CALIFORNIA, SUPRA, SLIP OPN. at pp.15-16[166 L.Ed.2d
at p. 873]. "Because circumstances in aggravation are found by the judge,
not the jury, and need only be established by a preponderance of the evidence,
not beyond a reasonable doubt [citation], the DSL violates APPRENDI'S Bright-
Rule." (Ibid)

Rejecting the reasoning in BLACK, the high court held, "Because the DSL
authorizes the judge, not the jury, to find the facts permitting an upper
term sentence, the system cannot withstand measurement against our Sixth
Amendment precedent. [Fn.]" CUNNINGHAM v. CALIFORNIA, SUPRA slip opn. at
p. 321 [166 L.Ed.2d at P.876.] CUNNINGHAM confirms that the sentencing judge's
determination of aggravating factors and his reliance on those factors to
impose the middle term violated petitioner's constitutional rights to a jury
trial further denying petitioner procedural due process of law and further
denyin equal protection of the law.Under CUNNINGHAM, BLAKELY, and APPRENDI,
"Other than the fact of a prior conviction, ANY FACT THAT INCREASES THE PEN-
ALTY FOR A CRIME BEYOND THE PRESCRIBED STATUTORY MAXIMUM MUST BE SUBMITTED
TO A JURY, AND PROVED BEYOND A REASONABLE DOUBT," CUNNINGHAM v. CALIFORNIA,
supra, slip opn. at p. 1 [166 L.Ed.2s at p. 864; APPRENDI v. NEW JERSEY,
supra,530 U.S. at p.490; BLANKELY V. WASHINGTON, supra, 542 U.S. at p.301.

The sentencing court imposed two consecutive Upper Terms. The appellate record
was not returned to petitioner upon conclusion of the appeals process. The
court appointed counsel on appeal retained all files and records. However,
the sentencing court noted petitioner to be the oldest of the three defendants
and that petitioner expressed more remorse than of the defendants( RT 1710-
1718).

-7c-

The sentencing court failed to state its rational further failing to state what standard of proof the court relied upon in making its findings of aggravating circumstances. Deductive reasoning from the silence on the record by the court concludes the sentencing court found the aggravating factors to be true by rules created and implimented unto itself by the sentencing court, **see Rules of Court, Rule 4.420(b)**, PEOPLE v MOSLEY, (1997) 53 Cal.App. 4th 489, 496 [presumption on a silent record is that the court followed settled law]; PEOPLE v SCOTT, (1994) 9 Cal.4th 331, 349[settled law was that the preponderance standard appled].) In view of the sentencing court's finding of aggravting factots by a lower standard of proof, the court's selection of the upper term was tainted by BLANKELY error, thus petitioner's sentence is unconstitutional, UNITED STATES v. VELASCO-HEREDIA, (9th Cir 2003) 319 F. d 1080, 1085 [APPRENDI error occurred when trial court used the preponderance standard at sentencing to determine drug quantity].)

## Claim Four

> Appellant Counsel Failed In That Counsel Allowed Without
> Objection The Sentencing Court's Failure To Adhere To
> The California Rules Of Court, Further Not Objecting To
> The Sentencing Court Erroneously Using Count One As The
> Quasi-Vehicle To Abridge In-Justification To Impose The
> Upper Term As To Count Two

Petitioner has a right to the effective assistance of counsel guaranteed by the **Sixth Amendment** to the **United States Constitution** and the **California Constitution, Article 1, §15.**

To establish a claim of ineffective assistance of counsel petitioner must prove: **1. Appellate counsel's representation fell below an objective standard of reasonableness, and 2. There is a reasonable probability that, but for counsel's error, the results of the proceedings would have been different,** STRICKLAND v. WASHINGTON, 466 U.S. 668, 688, 694, 697 (1984).

**The** Sixth Amendment **to the** United States Constitution **and** Article 1, §15 **of the California Constitution,** "entitle the defendant not to some bare assistance but rather to effective assistance of counsel. Speciifically, it entitles him to 'the reasonably competent assistance of an attorney acting as his diligent conscientious advocate,'" **(Id. at p. 215, quoting United States v. DeCOSTER,** (D.C. Cir. 1973) 487 F.2d 1197, italics in original citation omitted.)

This right requires that "before counsel undertake to act at all he (or she) will make a rational and informed decision on strategy and tactics founded on adequate investigation and preparation," **PEOPLE v. LEDESMA, (1987) 43 Cal.3d 171, at p. 215 [233 Cal.Rptr.404, 729 P.2d 839.]**

-8-

The state and federal constitution guarantee persons deprived of their liberty to have the right to submit a petition for writ of habeas corpus, **U.S. Const., Art.1, §9; Cal. Const., Art.1, §11**. Said habeas corpus petition **"has been aptly termed the 'safeguard' and the 'pallasium of our liberties,'" IN RE CLARK,** (1993) 5 Cal.4th 750, 764, 21 Cal.Rptr.2d 509, 855 P.2d 729, **(citation omitted).** This very well may be the last safeguard our judicial system provides for persons whose conviction were wrongful, **(Id.** at p. 804, 21 Cal.Rptr. 2d 509, 855 2d 729).

"[A] habeas corpus petition bears the burden of establishing that the judgement under which he or she is restrained is invalid. [Citation.] To do so, he or she must prove, by preponderance of evidence, facts that establish a basis for relief on habeas corpus, [Citation,] **"IN RE VISCIOTTI, supra,** 14 Cal.4th at p. 51, 58 Cal.Rptr.2d 801, 926 P.2d 987.**

The **Court of Appeal, First Appellate District,** appointed **Rodney R. Jones, POB 189, Mendocino, CA 95460, (707) 937-0549,** as appellate counsel to represent petitioner in the **Court of Appeal.** Petitioner here request this court be apprised appellate counsel raised the following two issues: 1. **The sentencing court violated due process by refusal to sever trials, and** 2. **Resulting admission or exclusion of evidence.**

Petitioner initially submitted a petition for writ of habeas corpus to the sentencing court for consideration and correction. Said petition was denied. Petitioner submitted a petition for writ of habeas corpus to the **California Supreme Court.** This petition was also denied. However, and interesting to note is the reasoning for said denial by the sentencing court.

The **Sentencing Court** stated: **"Also, petitioner makes the following two contentions: (1) that the trial court erred when it failed to comply with the California Rules of Court when it imposed consecutive terms pursuant to Penal Code §667.6(c) and (d), without stating the reasons on the record, and (2) that the sentencing court erroneously used Count One to enhance and impose the upper term as to Count Two. These last two contentions are based upon the record that was available during appeal. Petitioner timely filed an appeal of the judgement imposed in his case, raising many sentencing issues. However, petitioner failed to raise this ground on appeal, although it could have and should have been raised at that time. Therefore, petitioner's second contention also fails," IN RE DIXON,** (1953) 41 Cal.2d 756, 759; **IN RE HARRIS,** (1993) 5 Cal.4th 813, 829 - 830.

The Superior Court in its decision to deny said habeas corpus petition was based upon the fact appellate counsel "dropped the ball" in effectively representing petitioner. **Rodney R. Jones, Attorney At Law,** a professional criminal advocate and given the responsibility to ascertain, research and submit to the Court of Appeal for consideration and rectification issues discovered by professional counsel **Jones.** On the other hand. Failure by professional counselor **Jones,** his blatant lackadisical failures to research the law that caused **JONES** to omit or neglect an otherwise meritorious representation is

-8a-

grounds for a claim of ineffective assistance of counsel, **PEOPLE v IBARRA,** 60 Cal.2d 460 86 P.2d 487, 34 Cal.Rptr. 853.

**Mr. Jones** had the entire court record before him. No problem there. However, and despite the fact the entire record was right before **Jones'** eyes ... that record must be reviewed in earnest and not as a matter of judicial lip-service of going through the motions and saying what needs to be said when required to say it. Had **Jones** actually reviewed the file the **sentencing proceedings** would have literally 'jumped off the pages' right at **Jones. There is no possible way issues here presented would have escaped Jones' attention; unless of course the record was not reviewed.**

Petitioner is extremely critical of **Jones** as petitioner sits in prison resulting from **Jones' failings! Jones** overlooked the very issues petitioner raised on habeas corpus. Furthermore, the response given by the sentencing court to petitioner's habeas corpus did not state issues raised by petitioner were bogus and or invalid. The court pointed at appellate counsel for "not raising" said issues. There is no doubt in petitioner's mind had said issues raised on appeal a substantial difference in the outcome would have taken place. This is not a question of appellate counsel tactics. This is however, a question as to the effective assistance and or the "lack thereof" which has substantially harmed petitioner as petitioner remains confined in state prison directly the result of what appellate counsel failed to do. (**also see IN RE BANKS,** (1971) 4 Cal.3d 337 CR 93 591

For the foregoing legal and just reason petitioner respectfully request this matter be ordered returned with instructions to the sentencing court for rehearing and sentencing.

-8b-

List, by name and citation only, any cases that you think are close factually to yours so that they

are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of

these cases:

Cunningham v. California, (Jan. 22, 2007) No. 05-6551; WL 125687
People v. Black (2005) 35 Cal.4th 1238
Blakely v. Washington (2004) 542 U.S. 296, 313
Apprendi v. New Jersey, supra, 5 0 U.S.
People v. Mosley (1997) 53 Cal.App. 4th 489, 496
People v. Scott (1994) 9 Cal.4th 331
United States v. Velasco-Heredia (9th Cir. 2003) 319 F.3d 1080

Do you have an attorney for this petition?    Yes __  No X

If you do, give the name and address of your attorney:



WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be

entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.



Executed on __July 21, 2008_____          _____
                    Date                         Signature of Petitioner   **Dameon Ray Franklin**

( rev. 5/96)

9

FIRST                    REAL
                         F DISTRICT

## THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case NO. |
| DAMEON RAY FRANKLIN | PETITION FOR WRIT OF HABEAS CORPUS |
| ON | |
| HABEAS CORPUS | |

TO: **THE CHIEF JUSTICE, AND**
    **ASSOCIATE JUSTICES OF**
    **THE CALIFORNIA SUPREME**
    **COURT:**

Dameon R. Franklin
T-29665
Kern Valley State Prison
PO Box 5103 C4-107
Delano, CA 93216

MC–275

Name Dameon R. Franklin

Address T-29665

Kern Valley State Prison

Po Box 5103 CY-107 Delano, CA

93216
CDC or ID Number T-29665

_____

_____

(Court)

Dameon Ray Franklin
Petitioner

vs.

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

JS

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [X] Jail or prison conditions
- [ ] Other *(specify):* _____

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: **DAMEON RAY FRANKLIN**

2. Where are you incarcerated? **KERN VALLEY STATE PRISON**

3. Why are you in custody? [X] Criminal Conviction [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   **COUNT 1, RAPE W/CONCERT; COUNT 2, RAPE W/CONCERT; COUNT 3, ORAL COPULATION**

   **COUNT 4, ORAL COPULATION**

   b. Penal or other code sections: **§261(A)(2); §264.1 AND §288(A)(D)**

   c. Name and location of sentencing or committing court: **ALAMEDA COUNTY SUPERIOR COURT**

   **1225 FALLON ST. OAKLAND, CA 94612-4293**

   d. Case number: **136007B**

   e. Date convicted or committed: **6/21/01**

   f. Date sentenced: **9/7/01**

   g. Length of sentence: **18 YEARS**

   h. When do you expect to be released? **NO CLUE**

   i. Were you represented by counsel in the trial court? [XX] Yes. [ ] No. If yes, state the attorney's name and address:

   **THOMAS J. BLOOM ATTORNEY AT LAW 1330 BROADWAY OAKLAND, CA 94612**

4. What was the LAST plea you entered? *(check one)*

   [XX] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [XX] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

## PROCEDURAL AND FACTUAL SUMMARY

Petitioner and three other young men were charged in May 2001 with rape in concert, oral copulation by force/fear, and related crimes. After a jury trial, petitioner was convicted of two counts of rape and two counts of oral copulation. The jury found they acted in concert, **(CT 191, 253)**. Petitioner was sentenced to consecutive upper terms on the two rape counts and concurrent mid-terms on the remaining charges, **(CT 299, 305)**. Petitioner's conviction was affirmed June 2, 2003.

After work on September 4, 1998, Jane Doe met a young man named **Drew** and decided to "hang out" with him. They were soon joined by others, including petitioner. They all went to a nearby park and drank alcohol. Doe said she got "friendly" with a couple of the young men and remained drinking until it was dark. She eventually wanted to go home and they accompanied her to the Bart station. Once there, however, they boarded a bus and ended up in Rockridge. They got off and walked to a school yard where the offenses occurred, **(RT 335-358, 370-405)**.

### 6. Ground 1

#### The Trial Court Erroneously Selected The "Upper Term" And "Full Term Consecutive Sentence As To Count 2

The trial court MUST as a matter of judicial protocol state its reasons for imposing the **upper term and imposing consecutive terms**. The sentencing court MUST state its reasons for imposing **Penal Code §667.6(c)**, as opposed to employing the provisions of **Penal Code §1170.1(a)**. The **Sentencing Transcripts** here attached express no reference in its sentencing scheme to support said sentence imposed; see <u>People v. Smith,</u> (1984)155 CA3d 539, 546, 202 CR 259.

Sentences imposed under this "special provision" of **Penal Code §667.6(c)&(d)** are referred to as "full boat consecutive sentences." Review of the sentencing transcript becomes obvious the sentencing court employed the "full boat/full term stacking" scheme.

The sentencing court failed to comply with **California Rules of Court** which mandate the sentencing court state its reasons for employing the provisions of **Penal Code §667.6 (c)&(d)**. Furthermore the sentencing court erroneously employed **Count 1** to enhance and impose the upper term as to **Count 2**. Petitioner here suffice it to say the sentencing court made unto itself

-3-

non-judicial aggravating factors to further the sentencing court's latent agenda to impose full boat/full term stacking consecutive sentences, a matter the jury should have considered, not that of the sentencing judge.

The sentencing court used the age and petitioner suspect, the race of the victim in conjunction with the imaginary court-stated vulnerability of the victim which is not an element of proper court consideration in sentencing petitioner.

It is also noteworthy while the sentencing court "verbally acknowledged" petitioner came forth to law authorities who the actual perpetrators were, leading to the arrest and conviction thereof, the sentencing court made no consideration as to petitioner. The sentencing court acknowledged it is highly unlikely an arrest would have been made minus petitioner's actions of coming forth. That is the extent of the sentencing court's consideration, **sentencing transcript, pg. ).**

## Ground 2

> **Petitioner Object To The Sentencing Court's Reliance On Facts Not Found By A Jury To Impose The Upper Term**

The sentencing court violated petitioner's **Six Amendment right to a jury trial** by relying on facts not found to be true by a jury as justification in sentencing petitioner to the upper term of **9 years consecutive** for violation of **Penal Code §261(a)(2), §264.1, and §261(a)(2).**

The sentencing court considered as aggravating circumstances petitioner's prior unsatisfactory performance on probation. In addition, the sentencing court stated during the sentencing the court found the victim particularly vulnerable because of the age of the victim, and the victim being highly intoxicated. Based upon the existing law at that time, the sentencing court found no error in this procedure, **People v. Black,** (2005) 35 Cal.4th 1238. The sentencing court is in error.

> Imposition Of An Upper Term Sentence Violated Petitioner's Federal Constitutional Right To Proof Of Each And Every Sentencing Fact Beyond A Reasobale Doubt And Due Process Under The Sixth And Fourteenth Amendment To The United States Constitution.

Under **CUNNINGHAM,** California Upper Terms Based On Facts Enumerated In Rule 4.421 Found True By A Judge By A Preponderance Of The Evidence Are Unconstitutional.

In **Blakely v. Washington,** (2004) 542 U.S. 296, 313, The United States

3a

Supreme Court held that "every defendant has the right to insist that the prosecutor prove to the jury all facts legally essential to the punishment." This means there exist a federal constitutional right to a jury trial and proof beyond a reasonable doubt "'for any fact (other than prior conviction) that increases the maximum penalty for a crime,"' (Apprendi v. New Jersey, (2002)530 U.S. 466, 476, 490.) The maximum sentence to which a judge can sentence a defendant without additional factual findings by a jury is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," Blakely v. Washington, supra, 542 U.S. at p.303, emphasis in original.

Subsequent to BLAKELY, the California Supreme Court reasoned that, since the determinate Sentencing Law (DSL) triad represents a "statutory range" which the judge may impose based upon traditional judicial fact-finding attendant to the imposition of sentence, imposition of the upper term is the "statutory maximum" in California, (People v. Black, (2005)35 Cal.4th 1238.) But, on January 22, 2007, the United States Supreme Court rejected the California Supreme Court's reasoning in BLACK, nullifying that decision. CUNNINGHAM established that because a DSL upper term requires findings of additional aggravating circumstances beyond the minimum elements of the offense and that "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum" for APPRENDI-BLAKLY purposes, Cunningham v. California, supra, slip opn. at pp.15-16 [166 L.Ed2d at p. 873]. "Because circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt [citation], the DSL violates Apprendi's bright-line rule." (Ibid.)

Specifically rejecting the reasoning in BLACK, the high court held, "Because the DSL authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent. [Fn.]" Cunningham v. California, supra, slip opn. at p. 21 [166 L.Ed.2d at p.876]. CUNNINGHAM confirms that the sentencing judge's determination of aggravating factors and his reliance on those factors to impose the middle term violated petitioner's constitutional rights to a jury trial and due process. Under CUNNINGHAM, BLAKELY and APPRENDI, "Other than the fact of a prior conviction, ANY FACT THAT INCREASES THE PENALTY FOR A CRIME BEYOND THE PRESCRIBED STATUTORY MAXIMUM MUST BE SUBMITTED TO A JURY, and proved beyond a reasonable doubt," Cunningham v. California, supra, slip opn. at p.1 [166 L.Ed.2d at p.864; Apprendi v. New Jersey, supra, 530 U.S. at p.490; Blakely v. Washington, supra, 542 U.S. at p.301.

The sentencing court here imposed two consecutive upper base terms. Because the appellate record was not retained by counsel but returned to petitioner, it is not readily available and record notes have been relied on. The trial court did say it through a greater sentence could be justified

19

with respect to all three young offenders. The court noted petitioner was older than the co-defendants and seem to express more regret than remorse, (RT 1710-1718).

The record notes reflect the sentencing court did not state what standard of proof it relied upon in making the findings of aggravating circumstances. It must be deduced from this silence this court must conclude the sentencing judge found the aggravating factors true by a mere preponderance of the evidence in accordance with rule 4.420(b) of the California Rules of Court, People v. Mosley (1997)53 Cal.App.4th 489, 496 [presumption on a silent record is that the court followed settled law]; People v. Scott (1994)9 Cal.4th 331, 349 [settled law was that the preponderance standard applied].) In view of the sentencing court's finding of aggravating factors by a lower standard of proof, the court's selection of the upper term was tainted by Blankely error, thus appellant's sentence unconstitutional, see, United States v. Velasco-Heredia (9th Cir. 2003)319 F.3d 1080, 1085 [Appendi error occurred when trial court used the preponderance standard at sentencing to determine drug quantity].)

**7. Ground 3**

> Appellate Counsel Was Grossly Ineffective In His Failure To RECOGNIZE And Submit For The Court's Consideration The Sentencing Court's Failure To Comply With The California Rules Of Court, Sentencing Court Erroneously Used Count One To Enhance And Impose The Upper Term As To Count Two.

Petitioner has a right to the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and the California Constitution, Article 1, section 15.

To establish a claim of ineffective assistance of counsel petitioner must prove: 1. Appellate counsel's representation fell below an objective standard of reasonableness, and 2. There is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, Strickland v. Washington 466 U.S. 668, 688, 694, 697 (1984).

The Sixth Amendment to the United States Constitution and Article 1, section 15 of the California Constitution, "entitle the defendant not to some bare assistance but rather to effective assistance of counsel. Specifically, it entitles him to 'the reasonably competent assistance of an attorney acting as his diligent conscientious advocate,'" (Id. at p.215, quoting United States v. DeCoster (D.C. Cir. 1973) 487 F.2d 1197, italics in original citation omitted.) This right requires that "before counsel undertake to act at all

he (or she) will make a rational and informed decision on strategy and tactics founded on adequate investigation and preperation," People v. Ledesma (1987) 43 Cal.3d 171, at p.215 [233 Cal.Rptr.404, 729 P.2d 839].

The state and federal constitution guarantee persons deprived of their liberty have the right to submit a petition for writ of habeas corpus, U.S. Const., Art.1, §9; Cal. Const., Art.1, §11. The petition for writ of habeas corpus "has been aptly termed 'the safe-guard and the palladium of our liberties,'" In re Clark (1993) 5 Cal.4th 750, 764, 21 Cal.Rptr.2d 509, 855 P.2d 729, (citation omitted). This very well may be the last safe-guard our judicial system provides for persons whose conviction were wrongful, (Id. at p.804, 21 Cal.Rptr.2d 509, 855 2d 729).

"[A] habeas corpus petition bears the burden of establishing that the judgement under which he or she is retrained is valid. [Citation.] To do so, he or she must prove, by a preponderance of the evidence, facts that establish a basis for relief on habeas corpus, [Citation,] "In re Visciotti supra, 14 Cal.4th at p.351, 58 Cal.Rptr.2d 801, 926 P.2d 987.

The Court of Appeal, First Appellate District, appointed Rodney R. Jones, POB 189, Mendocino, CA 95460, (707)937-0549, as appellate counsel to represent petitioner in the Court of Appeal. This court is here apprised appellate counsel raised the following issues: 1. The sentencing court was in violation of due process by refusal to sever trial, and 2. Resulting admission or exclusion of evidence.

Petitioner initially submitted a petition for writ of habeas corpus to the sentencing court for consideration and correction. Said petition was denied (see habeas corpus denial, exhibit  ). Interesting to note is the written statement given pursuant to the California Rules of Court. Petitioner here direct this court to page 3 & 4 of the superior court denial. The superior court stated: "Also, Petitioner makes the following two contentions: (1)that the trial court erred when it failed to comply with the California Rules of Court when it imposed consecutive terms pursuant to Penal Code §667.6, subds. (c) and (d), without stating the reasons on the record, and (2)that the sentencing court erroneously used Count one to enhance and impose the Upper (term)as to Count two. These last two contentions are based upon the record that was available during his appeal. Petitioner timely filed an appeal of the judgement imposed in his case, raising many sentencing issues. However, Petitioner failed to raise this ground on appeal, although it could have and should have been raised it at that time. Therefore, Petitioner's second contention also fails," In re Dixon (1953) 41 Cal.2d 756, 759; In re Harris (1993) 5 Cal.4th 813, 829-830.

The superior court in its decision to deny petitioner's habeas corpus petition was based on the clearly established fact appellate counsel dropped

the ball. As a **professional,** appellate counsel has a responsibility to ascertain, research, and submit pertinent issues for the court's consideration. Failure to research the law that causes counsel to omit (or neglect an adequate representation)a defense is grounds for a claim of ineffective assistance of counsel, **People v. Ibarra 60 Cal.2d 460 386 P.2d 487, 34 Cal.Rptr. 863.**

Appellate counsel **Jones** had the entire record before him for his review. This record included the Transcript of Sentence. **Jones'** review, if in fact a review took place, the sentencing proceedings had to literally jump off of the page at **Jones.** Yet, **Jones** overlooked such a critical and pertinent issue as petitioner presented on habeas corpus. This is not about questioning appellate counsel's tactics and or the lack thereof. This is about the effective assistance of counsel in presenting pertinent issues before the Court of Appeal for review and consideration.

Petitioner direct this court to the **denial** of said habeas corpus petition and the language thereof. The **Superior Court (denial) stated: "Petitioner failed to raise this ground on appeal, although 'it could have and should have been raised at .. at that time.'"** Petitioner did not represent himself. Petitioner was represented on appeal by **Rodney R. Jones,** and therefore, plain and simply put ... appellate counsel could have and should have raised said issues on direct appeal, issues petitioner raised on habeas corpus. Petitioner suffice it to say petitioner's petition for writ of habeas corpus was denied due to appellate counsel's failure to timely raise the very same issues on direct appeal. Appellate counsel was ineffective. The Superior Court stopped short of using the language appellate counsel was ineffective. However, for the lack of any other existing befitting term ... appellate counsel was, ineffective. The Superior Court did not state petitioner's petition did not have merit. The Superior Court stated in no uncertain terms said issues were not addressed on direct appeal as they should have been. This juncture qualifies petitioner as the victim of appellate counsel's ineffectiveness, clearly the direct cause of petitioner's sentence not being having issue germane to petitioner's case addressed as they should have been. Appellate counsel is that sole cause due to ineffectiveness, **In re Banks** (1971) **4 Cal.3d 337 CR 93 591.** Petitioner is adamant, appellate counsel's representation fell below an objective standard of reasonableness, and there is a strong probability that, but for counsel's error, the result of the court of appeal would have been different

The Superior Court denial **(page 1)** states the issues raised by petitioner on habeas corpus **"Failed to exhaust appellate remedies."** Of course and by all means judicial protocol mandate said issues petitioner presented on habeas corpus could have and should have been presented on direct appeal. As this court will discover further in this petition the actions of **Rodney R. Jones** does not reflect the actions of seasoned professional attorneys. Appellate counsel at no time ever consulted with petitioner prior to the submission of Opening Brief or anything else. Nevertheless, petitioner's case was affirmed resulting from the misrepresentation of appellate counsel.

4b

**Rodney R. Jones**, a marginal attorney at best was appointed by the Court of Appeal to represent petitioner. Petitioner since the appointment of **Mr. Jones** has learned court appointed attorneys are paid a fix amount whether that attorney wins or looses. Appointed attorneys receive no additonal fee if they win and no reduction of fee if they loose. My point is this. No incentive exist for attorneys to do anything other than the bare minimum requirement; a quasi window-dressing. **Mr. Jones** is such an attorney.

Petitioner has consulted with three seasoned attorneys: **Charles Sevilla, 1010 2nd Ave, San Diego, CA 92101, Daniel J. Teola, 12304 Santa Monica Blvd, Los Angeles, CA 90025, and Charles Carbon, 3128 16th St, San Francisco, CA 94103.** Each attorney had the opportunity to review the sentencing transcript for themselves. Each attorney respectively voiced their opposition to the sentencing stating the exact same issues petitioner raised on habeas corpus. Furthermore, each and every attorney here mentioned, in harmony stated said issues raised by petitioner, correctly as a matter of judicial protocol, should have been raised on direct appeal.

Petitioner further allude to the fact established and existing case law existed at the time appellate counsel misrepresented petitioner's appeal. Petitioner, a layman in the law relied upon appellate counsel to research, prepare and submit issues pertinent to petitioner's case. This was not done. Petitioner's case remains affirmed resulting from the blunders of **Rodney R. Jones**, appellate counsel. Petitioner here request this court to assume original jurisdiction of this case.

**For the foregoing just and valid reasons petitioner request this case be remanded back to superior court** for re-sentencing with specific instructions as to the sentencing of petitioner.

**4c**

8. Did you appeal from the conviction, sentence, or commitment?  [X] Yes.  [ ] No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

      **Court of Appeal – First Appellate District**

   b. Result **Affirmed**                   c. Date of decision: **June 2, 2003**

   d. Case number or citation of opinion, if known: **A096254**

   e. Issues raised: (1) **Violation of due process by refusal to sever trial and resulting admission or exclusion of evidence**

       (2)

       (3)

   f. Were you represented by counsel on appeal?  [X] Yes.  [ ] No. If yes, state the attorney's name and address, if known:

     **Rodney R. Jones, POB 189, Mendocino, CA 95460  (707)937-0549**

9. Did you seek review in the California Supreme Court?  [ ] Yes  [X] No.  If yes, give the following information:

   a. Result                                b. Date of decision:

   c. Case number or citation of opinion, if known:

   d. Issues raised: (1)

       (2)

       (3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    **Ineffective assistance of Appellate Counsel, In re BANKS (1971) 4 Cal.3d 337**

                                    **CR 93 591**

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

                               **N/A**

   b. Did you seek the highest level of administrative review available?  [ ] Yes.  [ ] No.

     *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13.    ☐ No. If no, skip to number 15.

13. a. (1) Name of court: __ALAMEDA COUNTY SUPERIOR COURT__

     (2) Nature of proceeding (for example, "habeas corpus petition"): Petition For Writ of Habeas Corpus

     (3) Issues raised: (a) The trial court erred when it failed to comply with the California
              Rules of Court when it imposed consecutive terms pursuant to
       XXX)       Penal Code §667.6(c)&(d), without stating the reasons on the record
              (b) sentencing court erroneously used count one to impose upper term/count two
     (4) Result (Attach order or explain why unavailable): Denied

     (5) Date of decision: __April 30, 2007__

  b. (1) Name of court: _____

     (2) Nature of proceeding: _____

     (3) Issues raised: (a) _____

        (b) _____

     (4) Result (Attach order or explain why unavailable): _____

     (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

    Cunningham v. California only recently decided.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 9·28·07

▷ Dameon Ray Franklin
              (SIGNATURE OF PETITIONER)

25

# E X H I B I T S

1.      **PETITION FOR WRIT OF HABEAS CORPUS (ALAMEDA COUNTY SUPERIOR COURT)**

2.      **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

3.      **ABSTRACT OF JUDGEMENT**

4.      **TRANSCRIPT OF SENTENCE**

5.      **PROBATION OFFICER'S REPORT AND RECOMMENDATION**

6.      **DECLARATION OF DAMEON RAY FRANKLIN**

# E X H I B I T  #1

**PETITION FOR WRIT OF HABEAS CORPUS(ALAMEDA COUNTY SUPERIOR COURT )**

Dameon Ray Franklin  T-29665
California State Prison – Los Angeles County
44750 60th St. West
Lancaster, CA 93536

ENTERED
FILED
ALAMEDA COUNTY

MAR 0 7 2007

CLERK OF THE SUPERIOR COURT

By _____

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

IN Re:                              )        Case Number 136007B
                                    )
DAMEON RAY FRANKLIN,                )
                                    )
                                    )
            ON                      )        PETITION FOR WRIT OF
                                    )        HABEAS CORPUS
                                    )
      HABEAS CORPUS.                )
                                    )
_____)

TO: THE HONORABLE ROBERT B. FREEDMAN,  JUDGE
    SUPERIOR COURT OF CALIFORNIA,
    COUNTY OF ALAMEDA, DEPARTMENT No. 2

PETITION FOR WRIT OF HABEAS CORPUS

28

**This petition concerns:**

[ ] A conviction     [ ] Parole

[XX] A sentence     [ ] Credits

[ ] Jail or prison conditions     [ ] Prison discipline

[ ] Other (specify): _____

1. Your name: **DAMEON RAY FRANKLIN**

2. Where are you incarcerated? CALIFORNIA STATE PRISON - LOS ANGELES COUNTY

3. Why are you in custody? [X] Criminal Conviction    [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   COUNT 01, RAPE W/CONCERT; COUNT 2, RAPE W/CONCERT; COUNT 3, ORAL COPULATION

   COUNT 4, ORAL COPULATION

   b. Penal or other code sections: §261(A)(2)/264.1 §288(A)(D)

   c. Name and location of sentencing or committing court: ALAMEDA COUNTY SUPERIOR COURT

   1225 FALLON STREET, OAKLAND, CA. 94612-4293

   d. Case number: 136007B

   e. Date convicted or committed: 06/21/01

   f. Date sentenced: 09/07/01

   g. Length of sentence: 18 YEARS

   h. When do you expect to be released? ???

   i. Were you represented by counsel in the trial court? [X] Yes.   [ ] No. If yes, state the attorney's name and address:

   THOMAS J. BROOM, ATTORNEY AT LAW 1330 BROADWAY, OAKLAND, CA 94612

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

29

GROUNDS FOR RELIEF

## 6. GROUND 1. THE TRIAL COURT ERRONEOUSLY SELECTED THE UPPER TERM AND FULL TERM CONSECUTIVE SENTENCE AS TO COUNT 2

The trial court MUST as a matter of judicial protocol state its reasons for imposing the upper term and imposing consecutive terms. Furthermore, the sentencing court must also state its reasons for choosing Penal Code §667.6(c), instead of employing the provisions of Penal Code §1170.1(a). The Sentencing Transcript here attached makes no reference in its sentencing scheme to support said sentence imposed, see **People v. Smith**, (1984)155 CA3d 539, 546, 202 CR 259.

Sentences imposed under this "special provision" of Penal Code §667.6(c)&(d) are referred to as "full boat consecutive sentences."

It is more than obvious the sentencing court employed the "full boat/full term stacking scheme," plain and simply put petitioner's sentencing is terrible flawed for the following reasons:

**1.** The sentencing court failed to comply with California Rules of Court in stating reasons for employing the provisions of PenC §667.6(c)&(d)

**2.** The sentencing court erroneously used Count 1 to enhance and impose the Upper Term as to Count 2

**3.** The sentencing court violates the United States Supreme Court decision in **CUNNINGHAM**

**4.** The sentencing court made unto itself non-judicial aggravating factors to further impose a full boat/full term consecutive sentence; a matter for the jury's consideration. Not that of the sentencing judge.

**5.** The sentencing court used the age, and is suspected, latently used the race of the victim in conjunction with the court stated "vulnerability" of the victim is not a judicial proper element for the erroneous sentencing scheme employed by this court.

### LAW AND ARGUMENT

The United States Supreme Court decided **CUNNINGHAM v. California** (January 22, 2007, No. 05-6551; WL 135687)in which the Supreme Court ruled that the California Determinate Sentencing Scheme violates The Sixth Amendment Right To A Jury Trial.

### A. Petitioner here object to the sentencing court's reliance on facts not found by a jury to impose the upper term.

The sentencing court violated petitioner's Sixth Amendment right to a jury trial by relying on facts not found to be true by a jury to justify in sentencing petitioner to the Upper Term of 9 years for violating Penal Code section 261(a)(2) 264.1, 261(a)(2).

-3-

50

The Sentencing court considered as aggravating circumstances petitioner's **prior unsatisfactory performance on probation.** In addition, the sentencing court clearly stated during sentencing the court found the victim particularly vulnerable because of the age of the victim and the victim being highly intox-icated. Based on the law as it existed at the time, the sentencing court found no error in the procedure used, see <u>People v. Black</u> (2005)35 Cal.4th 1238.

**B. In CUNNINGHAM v. California** (January 22, 2007, No. 05-6551; WL 13568), **the United States Supreme Court ruled that the California Determinate Sen-tencing statute violated the Sixth Amendment right to a jury trial by per-mitting judges to make factual findings that justify imposing the upper term.**

In **CUNNINGHAM v. Califronia, supra,** (No. 05-6551 WL 135687), the court engaged in lengthy analysis of the California sentencing scheme. The <u>California statute is unconstitutional</u> because it requires imposition of the middle term of the applicable triad, unless facts that justify imposition of the upper term are found to be true by the court. The California statute does not require that facts that justify imposition of the upper term be found to be true by **a jury** or admitted by the defendant. The court stated that,

> Because circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt, see <u>supra</u>, at 5, the **DSL** violates **APPREDI'S BRIGHT-LINE RULE:** Except for a prior conviction, **"ANY fact that increases the penalty for a crime beyond the prescribed statutory maximum MUST BE SUBMITTED TO A JURY,** and proved **beyond a reasonable doubt,"** 530 U.S., at 490.

(Id. at p.16, slip opinion)

> To summarize: Contrary to the **BLACK** court's holding, our decision from **APPREDI** to **BOOKER** point to the middle term specified in California's statutes, **NOT THE UPPER TERM,** as the relevant statutory maximum. Be-cause the **DSL** authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measure-ment against our **Sixth Amendment** precedent.

(Id. at p. 21, slip opinion.(footnote omitted)).

**C. Granting a rehearing is the most expeditious  way for the court to review its initial decision on this issue.**

Pursuant to **Cal. Rules of Court, Rule 8.268(a),** this court has the abso-lute authority to grant rehearing. This is the most expeditious way to correct sentencing errors and apply <u>CUNNINGHAM</u> to <u>this case.</u>

-4-

3/

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No. If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
      <u>Court of Appeal, First Appellate District</u>

   b. Result <u>Affirmed</u>                    c. Date of decision: <u>?</u>

   d. Case number or citation of opinion, if known: <u>?</u>

   e. Issues raised: (1) <u>Never received copy of Opening Brief Issues?</u>

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

      <u>Rodney R. Jones, 45100 Main St., Mendocino, CA 94560 (707)937-0549</u>

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☒ No. If yes, give the following information:

   a. Result <u>N/A</u>                    b. Date of decision: _____

   c. Case number or citation of opinion, if known: <u>N/A</u>

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
    explain why the claim was not made on appeal:

    <u>Due to the most recent ruling in Cunningham v. California, January 22, 2007,</u>
    <u>I discovered this case was applicable to my sentencing procedures and I filed</u>
    <u>with the sentencing court immediately for redress.</u>

11. Administrative Review:

    a. If your p___ __n concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
       admir_____ ve remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975)
       52 C___ ,3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such
       revie___

       _____ N/A _____

       _____

       _____

       _____

       _____

       _____

       _____

       _____

    b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.  N/A
       Attach documents that show you have exhausted your administrative remedies.

32

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a.  (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  b.  (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  c.  *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

Issues here presented were only recently discovered. The U.S. Supreme Court ruled directly on point with the issues here presented January 22, 2007. No delay in presenting the same back to the sentencing court for sentencing adjustment.

16. Are you currently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

If necessary, private counsel shall be retained for the purposes of prospective hearing on the sentencing issues here presented.

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

                N/A

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: March 1, 2007

▶ _____
           (SIGNATURE OF PETITIONER)

**E X H I B I T   #2**

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

ENDORSED
FILED
ALAMEDA COUNTY

APR 3 0 2007

CLERK OF THE _____ _____ COURT
FIL R. CR___
By_____ Deputy

| | |
|---|---|
| **In re** | **No. 136007B** |
| **DAMEON RAY FRANKLIN** | **ORDER DENYING PETITION** |
| **On Habeas Corpus.** | **FOR WRIT OF HABEAS CORPUS** |

This Court having reviewed the Petition for Writ of Habeas Corpus filed on

March 7, 2007, by Petitioner DAMEON RAY FRANKLIN ("Petitioner"), **NOW**

**HEREBY ORDERS:**

The Petition is denied.

Relying on *Cunningham v. California* (Jan. 22, 2007, No. 05-6551) 549 U.S.

____, 127 S. Ct. 856, 166 L. Ed. 2d 856 (*Cunningham*) Petitioner contends that the

trial court violated his Sixth Amendment right to a jury trial when the trial sentencing

court imposed the upper term in his case. (See "reasons" nos. 3, 4, 5 on p.3 of the

Petition.)  Because his conviction became final before the *Blakely* decision, and

*Blakely* is not retroactive, the Petition is denied.  Petitioners other two claims are also

fail because ███████████████████████████████████

*Cunningham* relied on *Blakely*, and as such, it does not appear that

*Cunningham* announced a new rule. (See *Saffle v. Parks* (1990) 494 U.S. 484, 488.)

Therefore, ████████████████████████████████████████

████████████████████████████████████  Instead, the

1

retroactivity of *Cunningham* goes back to *Blakely,* which was decided on June 24, 2004.

The United States Supreme Court granted certiorari in *Burton v. Stewart* (2007) 549 U.S. ___, 127 S. Ct. 793 *(Stewart)* to decide whether *Blakely* announced a new rule and, if so, whether it applies retroactively on collateral review. However, the *Stewart* Court did not reach the issue because of a jurisdictional defect in the petition. Nonetheless, recent United States Supreme Court precedent indicates that *Blakely* is not a new substantive rule that applies retroactively to cases already final on direct review, but a new rule of procedure without retroactive application. (See *Schriro v. Summerlin* (2004) 542 US 348 [holing that *Ring v. Arizona* (2002) 536 U.S. 584 is not retroactive to cases already final on direct review]; *Whorton v. Bockting* (2007) 549 U.S. ____, 127 S. Ct. 1173, 2007 U.S. LEXIS 2826 [holding that *Crawford v. Washington* (2004) 541 U.S. 36, is not retroactive to cases already final on direct review.].)

Moreover, California court of appeal decisions, binding on this court, have held that *Blakely* is merely a new procedural rule that is not subject to retroactive application to cases final as of the date it was filed. *(See People v. Amons* (2005) 125 Cal.App.4th 855, 866; *In re Consiglio* (2005) 128 Cal.App.4th 511, 516; *Schardt v. Payne* (2005) 414 F.3d 1025, 1031.)

Thus, whether Petitioner is entitled to attack his sentence depends, in part, on whether Petitioner's conviction and sentence were final as of the time the *Blakely* decisions became final. State convictions are final "for purposes of retroactivity

2

36

analysis when the availability of direct appeal to the state courts has been exhausted
and the time for filing a petition for a writ of certiorari has elapsed or a timely filed
petition has been finally denied." (*Caspari v. Bohlen* (1994) 510 U.S. 383, 390, see
also *Clay v. United States* (2003) 537 U.S. 522, 527.)

In June 2001, Petitioner was convicted by jury of two counts of forcible rape in
concert and two counts of forceful oral copulation in concert. On September 7, 2001,
Petitioner was sentenced to 18 years in prison. The sentencing judge imposed the
upper term of nine years on each forcible rape in concert counts to run consecutive
(full term) to each other, and the mid-term of 7 year on each the forcible oral
copulation count, to run concurrent. On June 2, 2003, the Court of Appeal of the State
of California, First Appellate District, Division three, affirmed the judgment. (See
Unpublished Opinion *People v. Franklin,* A096254.) The California Supreme Court
denied review on August 27, 2003. (See California Supreme Court docket no.
S117232.) It does not appear that Petitioner filed a petition for a writ of certiorari
with the Supreme Court. Petitioner's conviction and sentence therefore became final
90 days later, on November 25, 2003. (See 28 U.S.C. § 2101(d); Supreme Court
Rules, rule 13.) Petitioner's conviction was final at the time of the *Blakely* decision,
therefore *Cunningham/Blakely* do not apply to his case.

Also, Petitioner makes the following two contentions:

3

████████████████████████████ These last two contentions

are based upon the record that was available during his appeal. Petitioner timely filed

an appeal of the judgment imposed in his case, raising many sentencing issues.

However, ██████████████████████████████████████████████

████████████████████████████████████████████

(*In re Dixon* (1953) 41 Cal. 2d 756, 759; *In re Harris* (1993) 5 Cal.4th 813, 829-830.)

DATED: APR 3 0 2007         LARRY J. GOODMAN
                            ───────────────────────────
                            HON. LARRY GOODMAN
                            JUDGE OF THE SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date: **March 07, 2007**          Hon. LARRY GOODMAN, Judge          Danielle Labrecque, Dep.Clk.
                                                                     Not Reported, Reporter

---

| **DAMEON FRANKLIN** | Counsel appearing for Plaintiff | No Appearance, Deputy District Attorney |
|---|---|---|
| Petitioner | | |
| vs. | Counsel appearing for Defendant | No Appearance |
| **PEOPLE OF THE STATE OF CALIFORNIA** | | |
| Respondent | | |

---

Nature of Proceedings: **EX PARTE PEITITON FOR WRIT OF HABEAS CORPUS**          Case No. **136007B**
                                                                                 PFN: **AYA853**
                                                                                 CEN: **9228736**

The defendant is not present.

The Court having reviewed the defendant's Petition for Writ of Habeas Corpus filed on March 07, 2007 orders said Petition

Please find enclosed an endorsed filed copy of Order Denying Petition For Writ Of Habeas Corpus.

### CLERK'S CERTIFICATE OF MAILING (CCP 1013a)

I certify that the following is true and correct:  I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this EX PARTE PETITION FOR WRIT OF HABEAS CORPUS by placing a copy in an envelope addressed to: Dameon Franklin and then by sealing and placing it for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

Dameon Franklin
CDC or ID No: T-29665/AYA853
California State Prison – Los Angeles County
44750 60th St. West
Lancaster, CA 93536

Date: 04/30/07                              Executive Officer/Clerk of the Superior Court

                                           By _____
                                              Danielle Labrecque, Deputy Clerk

**E X H I B I T #3**

**ABSTRACT OF JUDGEMENT**

40

(RCD-03/22/01)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT    TERMINATE
[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]

CR-290

000305

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>BRANCH OR JUDICIAL DISTRICT: **Rene C. Davidson** | |

| | | | |
|---|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **DAMEON FRANKLIN** | DOB: **02-28-78** | **136007B** | -A |
| AKA: | | | -B |
| CII#: | | | |
| BOOKING # (PFN and CEN) **AYA853/9228736** | | | |

**FILED**
**ALAMEDA COUNTY**
SEP 07 2001
CLERK OF THE SUPERIOR COURT
By _____ Deputy

| | | |
|---|---|---|
| ☐ NOT PRESENT | | |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT | ☐ AMENDED<br>ABSTRACT | |
| DATE OF HEARING<br>**09-07-01** | DEPT. NO.<br>**02** | JUDGE<br>**ROBERT B. FREEDMAN** |
| CLERK<br>**JUANITA MOORE** | REPORTER<br>**KAREN ROBERSON** | PROBATION NO. OR PROBATION OFFICER<br>**FRANK TAPIA** |
| COUNSEL FOR PEOPLE  ☒ Deputy District Attorney  ☐ State Attorney General<br>**DANIELLE HILTON** | | COUNSEL FOR DEFENDANT ☐ Deputy Public Defender  ☒ Private Counsel<br>**THOMAS BROOME** |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JT | CT | plea | CONVICTED BY | TERM L,M,U | Concur. | Consec 1/3 Violent | Consec 1/3 NON Violent | Consec Full Term | Incom- plete sentence Refer 5 | 654 Stay | Principal or Consecutive Time Imposed YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 261(a)(2)/264.1 | RAPE W/CONCERT | 1999 | 09-07-01 | X | | | | U | | | | | | | 9 | 0 |
| 02 | PC | 261(a)(2)/264.1 | RAPE W/CONCERT | 1999 | 09-07-01 | X | | | | U | | | | X | | | 9 | 0 |
| 03 | PC | 288(a)(d) | ORAL COPULATION | 1999 | 09-07-01 | X | | | | M | X | | | | | | 7 | 0 |
| 04 | PC | 288(a)(d) | ORAL COPULATION | 1999 | 09-07-01 | X | | | | M | X | | | | | | 7 | 0 |
| | | | | | | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. ☐ TOTAL TIME ON ATTACHED PAGES: _____

7. ☐ Additional indeterminate term (see CR-292).

8. ☐ TOTAL TIME: **18** **0**

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California
CR –290 (Rev. January 1, 1999)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]    Penal Code §§ 1213, 1213.5

FRANKLIN.ABS.doc

000305

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: FRANKLIN, DAMEON | | | |
|---|---|---|---|
| 136007B    -A | -B | -C | -D |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a.   RESTITUTION FINE of: **$800.00** per PC 1202.4(b) forthwith per PC 2085.5.
   b.   RESTITUTION FINE of: **$800.00** per PC 1202.45 suspended unless parole is revoked.
   c.   RESTITUTION of: **$960.25 + 1680.00** per PC 1202.4(f) to ☐ victim(s)*    ☐ Restitution Fund
        (*List victim name(s) if known and amount breakdown in item 11, below.)
        (1)   ☐ Amount to be determined.
        (2)   ☐ Interest rate of: __% (not to exceed 10% per PC 1204.(f)(3)(F)).
   d.   ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).
   e.   ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f.   ☒ FINE of **$100** per PC 1202.5.

10. TESTING
    a.   ☐ AIDS pursuant to   ☐ PC 1202.1   ☐ other (specify):
    b.   ☒ DNA  pursuant to   ☐ PC 290.2   ☒ PC 296          ☐ other (specify):

11. Other orders (specify):
Defendant to submit to Hiv Testing.
Defendant to register pursuant to 290 Penal Code.
Defendant liable for victim restitutuion jointly and separatly.
Restitution reserved as to further bills.
Defendant advise of appeal rights.

12. Execution of sentence imposed
    a.  ☒ at initial sentencing hearing.          d.  ☐ at resentencing per recall of commitment.  (PC 1170(d).)
    b.  ☐ at resentencing per decision on appeal.  e.  ☐ other (specify):
    c.  ☐ after revocation of probation.

13. CREDIT FOR TIME SERVED

| CASE NUMBER | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| 136007b      -A | 1071 | 931 | 140 | ☐ 4019<br>☐ 2933.1 |
| -B | | | | ☐ 4019<br>☐ 2933.1 |
| -C | | | | ☐ 4019<br>☐ 2933.1 |
| -D | | | | ☐ 4019<br>☐ 2933.1 |
| DATE SENTENCE PRONOUNCED:  09-07-01 | SERVED TIME IN STATE INSTITUTION: ☐ DMH | ☐ CDC | ☐ CRC | |

14. Defendant is remanded to the custody of the sheriff:  ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to: ☐ reception center designated by Director, California Department of Corrections: ☒ San Quentin  ☐ Chowchilla
☐ Other:

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Juanita Mave | 09-07-01 |

CR-290 (Rev. January 1, 1999)          ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE          Page

franklin.abs.doc

42

**E X H I B I T #4**

**TRANSCRIPT OF SENTENCE**

1    THE SUPERIOR COURT OF THE STATE OF CALIFORNIA 000307

2    IN AND FOR THE COUNTY OF ALAMEDA

3    BEFORE THE HONORABLE ROBERT B. FREEDMAN, JUDGE

**FILED**

4    DEPARTMENT 2

**ALAMEDA COUNTY**

5    * * *

SEP 10 2001

6

CLERK OF THE SUPERIOR COURT

By _Lucy Hernandez_ DEPUTY

7    PEOPLE OF THE STATE OF          )
     CALIFORNIA,                     )

8                   PLAINTIFF,       )     **ORIGINAL**
                                     )

9    VS.                             )     NO.   136007A
                                     )           136007B

10   STACY LYTLE,                    )           136665
     DAMEON RAY FRANKLIN AND         )

11   SHAWNTE DARNELL GULLEDGE,       )   **PROCEEDINGS ON SENTENCE**
                   DEFENDANTS.       )

12   _____    )

13

14              REPORTER'S TRANSCRIPT OF PROCEEDINGS

15

16              FRIDAY, SEPTEMBER 7, 2001

17

18   APPEARANCES:

19   FOR THE PLAINTIFF:          THOMAS J. ORLOFF
                                 DISTRICT ATTORNEY

20                               BY:  **DANIELLE HILTON**
                                 DEPUTY DISTRICT ATTORNEY

21                               COUNTY OF ALAMEDA
                                 900 COURTHOUSE

22                               1225 FALLON STREET
                                 OAKLAND, CA. 94619

23   FOR MR. LYTLE:              **RICHARD E. HOVE, ESQ.**
                                 ATTORNEY AT LAW

24                               24072 MYRTLE STREET
                                 HAYWARD, CALIFORNIA

25   FOR MR. FRANKLIN:           **THOMAS J. BROOME, ESQ.**
                                 ATTORNEY AT LAW

26                               1330 BROADWAY
                                 OAKLAND, CALIFORNIA 94612

27   FOR MR. GULLEDGE:           **JOHN R. MC DOUGALL, ESQ.**
                                 ATTORNEY AT LAW

28                               2041 BANCROFT AVENUE
                                 BERKELEY, CALIFORNIA

44

KAREN L. ROBERSON, CSR #2640

000303

1              P-R-O-C-E-E-D-I-N-G-S

2                        *  *  *

3              FRIDAY, SEPTEMBER 7, 2001

4                        *  *  *

5          THE COURT:   THANK YOU.  GOOD MORNING.

6          WE ARE ON THE RECORD IN THE CONSOLIDATED

7  MATTERS OF THE PEOPLE VERSUS LYTLE, FRANKLIN AND

8  GULLEDGE.  EACH OF THE THREE DEFENDANTS, WHO ARE IN

9  CUSTODY, ARE PRESENT; ALL COUNSEL ARE PRESENT.

10         I'M GOING TO FIRST ACKNOWLEDGE RECEIPT OF

11 MS. DOE'S, THE VICTIM'S, IMPACT STATEMENT.  I

12 APPRECIATE IT.  IT'S HEARTFELT AND WELL-EXPRESSED; AND

13 THE COURT CERTAINLY IS GOING TO TAKE THESE THOUGHTS

14 INTO CONSIDERATION.  MY UNDERSTANDING IS THAT MS. DOE

15 DOES NOT WISH TO VERBALLY ADDRESS THE COURT; BUT I'M

16 RECEIVING THE IMPACT STATEMENT IN LIEU OF ANY ORAL

17 STATEMENT.

18         THE MATTER WAS CONTINUED UNTIL TODAY FROM THE

19 EARLIER REPORT AND SENTENCING DATE FOR TWO REASONS, AT

20 LEAST, IN THE COURT'S MIND:

21         ONE WAS THAT MR. BROOME, ON BEHALF OF

22 MR. FRANKLIN, HAD FILED A MOTION FOR NEW TRIAL;

23 MS. HILTON WISHED AN OPPORTUNITY TO RESPOND TO THE

24 WRITTEN MOTION.  THE COURT, ON THAT OCCASION, MADE SOME

25 COMMENTS ABOUT THE COURT'S IMPRESSIONS INCLUDING

26 BRINGING TO THE ATTENTION OF COUNSEL AN AUTHORITY,

27 PEOPLE VERSUS MCCOY, WHICH HAD NOT BEEN TAKEN INTO

28 ACCOUNT IN MR. BROOME'S BRIEFING.

- 45

000309

1    THE COURT TODAY RECEIVED A WRITTEN MEMORANDUM

2    IN OPPOSITION ON BEHALF OF THE PEOPLE TO THE MOTION FOR

3    NEW TRIAL.

4    MR. BROOME, YOU'VE HAD AN OPPORTUNITY TO READ

5    THAT, I TAKE IT?

6    MR. BROOME:  YES.  I RECEIVED IT THIS MORNING

7    --

8    THE COURT:  ALL RIGHT.

9    MR. BROOME:  -- AND READ IT.

10    THE COURT:  A SECOND REASON TO CONTINUE THIS

11    MATTER WAS THE ABSENCE OF MR. HOVE ON THE PRIOR

12    SENTENCING OCCASION.  ON THAT DATE, MR. HOVE DID NOT

13    APPEAR, NOTWITHSTANDING HIS FAILURE TO COMMUNICATE WITH

14    THE COURT PRIOR TO THE MORNING OF THE SENTENCING

15    HEARING WHICH WAS AUGUST 23RD.

16    THE COURT RECEIVED A TELEPHONE MESSAGE WHICH

17    WAS TIME STAMPED, SO TO SPEAK, AT 9:04 ON THE MORNING

18    OF AUGUST 23RD; AND ACTUALLY WAS RECEIVED BY THE CLERK

19    OF A DIFFERENT DEPARTMENT RATHER THAN THIS DEPARTMENT

20    INDICATING THAT MR. HOVE WAS OTHERWISE ENGAGED IN TRIAL

21    IN JUDGE HASHIMOTO'S DEPARTMENT IN HAYWARD.

22    I CORRESPONDED OR COMMUNICATED WITH JUDGE

23    HASHIMOTO ON THAT OCCASION TO INQUIRE ABOUT MR. HOVE'S

24    CIRCUMSTANCES AND WHETHER MR. HOVE HAD EVER ASKED JUDGE

25    HASHIMOTO WHETHER HE COULD BE EXCUSED FROM THAT TRIAL

26    TO BE PRESENT HERE; AND JUDGE HASHIMOTO INFORMED ME

27    THAT NO SUCH REQUEST HAD BEEN MADE.

28    I INDICATED TO MR. BROOME, WHO WAS, AS IT

1  WERE, STANDING IN FOR MR. HOVE ON THE 23RD, TO INFORM

2  MR. HOVE THAT IT WAS IMPERATIVE THAT HE BE HERE, AND

3  THE COURT WOULD CONSIDER SANCTIONS AGAINST MR. HOVE FOR

4  HIS FAILURE TO APPEAR, INCLUDING SANCTIONS IN THE

5  NATURE OF COMPENSATING THE VICTIM FOR ANY ADDITIONAL

6  LOSS OF INCOME OR EXPENSES INCURRED NECESSITATED BY

7  MR. HOVE'S ABSENCE AND REQUIREMENT TO APPEAR ON A

8  SECOND OCCASION.

9         I'LL NOTE, EVEN THOUGH THE MATTER WAS

10  CONTINUED FOR THE PURPOSE OF PERMITTING BRIEFING AND

11  ARGUMENT ON THE MOTION FOR NEW TRIAL, THAT ALONE WOULD

12  NOT HAVE REQUIRED THE -- CREATED THE OCCASION FOR THE

13  VICTIM, HER FAMILY MEMBERS AND SUPPORT PERSONS TO

14  RETURN TO COURT ON YET ANOTHER OCCASION.

15         SO, WE'LL RETURN TO THAT POINT -- TO THOSE

16  ISSUES AT AN APPROPRIATE POINT IN TIME.

17         LET'S HEAR FIRST ANY ARGUMENT ON THE MOTION

18  FOR NEW TRIAL TO AUGMENT THE WRITTEN MATERIAL SUBMITTED

19  BOTH IN SUPPORT OF AND IN OPPOSITION TO THE MOTION.

20         MR. BROOME, WOULD YOU LIKE TO BE HEARD?

21         MR. BROOME:  YES, YOUR HONOR.

22         THE COURT CITED PEOPLE VERSUS MCCOY 25 CAL.

23  4TH 1111, AND THAT WAS REITERATED IN THE BRIEF OF THE

24  DISTRICT ATTORNEY IN THIS MATTER.  THE COURT INDICATED

25  THAT IT DISTINGUISHED THE CASE OF ALLSIP, UPON WHICH WE

26  RELIED IN OUR MOTION FOR A NEW TRIAL.

27         OF COURSE, I HAVE SINCE READ THAT CASE AND

28  RESPECTFULLY DISAGREE.  MCCOY WAS A DRIVE-BY SHOOTING

000321     5

1  CASE IN WHICH MCCOY WAS THE SHOOTER, MCCOY BEING THE
2  FELLOW WHO WAS MOVING FOR A NEW TRIAL, AND HE FIRED
3  SHOTS AT THE VICTIMS AS WELL AS DID THE CO-DEFENDANT,
4  WHO INFLICTED THE FATAL WOUNDS.  AND THAT'S VERY
5  IMPORTANT IN DISTINGUISHING ASPECTS OF THESE TWO CASES.

6       THE DEFENDANT THERE, MCCOY, ARGUED THAT AN
7  AIDER AND ABETTOR COULD NOT BE FOUND GUILTY OF A
8  GREATER OFFENSE THAN THE ACTUAL PERPETRATOR -- AS WE
9  ARE, OF COURSE.

10      THE COURT REVERSED -- MEANING THE COURT OF
11 APPEALS -- THE DEFENDANT'S CASE; BUT THAT REVERSAL WAS
12 DONE DUE TO INSTRUCTIONAL ERROR; HAD NOTHING TO DO WITH
13 THE UNDERLYING FACTS OF THE CASE; IT WAS INSTRUCTIONS
14 OF THE COURT.

15      THE COURT OBSERVED BOTH DEFENDANTS WERE
16 ACTUAL PERPETRATORS -- ANOTHER VERY IMPORTANT ASPECT
17 DISTINGUISHING BETWEEN MCCOY AND ALLSIP -- AND THE
18 COURT FOUND BOTH EQUALLY RESPONSIBLE NOT JUST AS AIDERS
19 AND ABETTORS BUT ACTUALLY AS ACTUAL PERPETRATORS
20 BECAUSE MCCOY SHOT AND POSSIBLY HIT -- WASN'T CLEAR ON
21 THAT -- THE VICTIM HIMSELF.  THE KEY FACTOR THERE BEING
22 THAT THE COURT SIMPLY HELD IN MCCOY THAT HE COULD BE
23 LIABLE BOTH AS A PERPETRATOR AS WELL AS AN AIDER AND
24 ABETTOR; AND THE JURY COULD HAVE SO FOUND.

25      AND FURTHER, ANOTHER POINT OF SIGNIFICANT
26 DISTINCTION BETWEEN MCCOY AND ALLSIP IS THE COURT HELD
27 THAT ONCE THE SECOND DEFENDANT ACTED WITH THE NECESSARY
28 MENTAL STATE OF AN AIDER AND ABETTOR, THE JURY COULD

48

000312   6

1  FIND HIM LIABLE ON BOTH BASES; THEREFORE, THERE'S A
2  CLEAR DIFFERENCE BECAUSE OF THE FACT THAT HE COULD BE
3  LIABLE ON HIS OWN ACTIONS AS WELL AS AS AN AIDER AND
4  ABETTOR.
5          FURTHER, THERE WAS A DISTINCTION IN THE
6  DEFENSE AS IT APPLIED IN MCCOY BECAUSE, IN EFFECT, WHAT
7  WAS HAPPENING IN MCCOY WAS THAT THE NUMBER ONE
8  DEFENDANT IN THAT INSTANCE ACTUALLY HAD AN UNREASONABLE
9  SELF-DEFENSE DEFENSE WHICH DID NOT APPLY TO MR. MCCOY,
10 AND THAT WAS EVEN FURTHER REASON WHY, IN FACT, THAT MAY
11 HAVE BEEN A DISTINCTION AS TO HOW HE WAS FOUND WITH
12 REGARD TO THE JURY -- BUT I DON'T BELIEVE SO; I THINK
13 IT HAD TO DO SOLELY WITH THE INSTRUCTIONAL ERROR.
14         FINALLY, THE COURT DID REFER TO ALLSIP; BUT
15 IN SO DOING, IT WAS INTERESTING TO NOTE THAT THE COURT
16 WAS VERY CLEAR THAT PEOPLE VERSUS ALLSIP DID NOT
17 PRESENT THE QUESTION BEING CONSIDERED IN MCCOY, TO WIT:
18 "A DEFENSE PERSONAL TO THE ACTUAL PERPETRATOR."  THAT'S
19 IN MCCOY, PAGE 1120, AND FURTHER NOTED IN FOOTNOTE 3,
20 PAGE 1122:
21             "BECAUSE WE CANNOT ANTICIPATE ALL
22              POSSIBLE NON-HOMICIDE CIRCUMSTANCES OR
23              CRIMES -- CRIMES OR CIRCUMSTANCES, WE
24              EXPRESS NO VIEW ON WHETHER OR HOW THESE
25              PRINCIPLES MAY APPLY OUTSIDE THE
26              HOMICIDE CONTEXT."
27         SO, THE COURT WAS INDICATING -- IT GAVE NO
28 VIEW IN ITS RULING AS TO HOW THESE PRINCIPLES WOULD

49

000313                                7

1 APPLY TO ANY CASE OTHER THAN A HOMICIDE CASE, WHICH

2 MCCOY WAS, WHICH THIS CASE IS NOT.

3        ALSO, IN ITS DISTINGUISHING OF ALLSIP, ONLY

4 IN ITS CONCLUSION, THE COURT OBSERVED:  "WE ALSO

5 DISAPPROVE ANY INTERPRETATION OF" -- GAVE SEVERAL

6 CASES, PEOPLE VERSUS ALLSIP BEING ONE -- "THAT IS

7 INCONSISTENT WITH THIS OPINION," AND NOTHING MORE.

8        SO, I THINK, TO THAT EXTENT, REALISTICALLY

9 ALLSIP IS NOT AFFECTED AT ALL AS IT APPLIES TO THIS

10 CASE OF DAMEON FRANKLIN WITH REGARD TO ITS PREVIOUS

11 HOLDINGS AS TO WHETHER OR NOT MR. FRANKLIN CAN BE AN

12 AIDER AND ABETTOR BASED ON THE FACTS OF THIS CASE.

13        THE COURT:  LET ME ASK THIS QUESTION,

14 MR. BROOME, BEFORE MS. HILTON HAS AN OPPORTUNITY TO

15 RESPOND.

16        I'LL ALSO NOTE FOR THE RECORD THAT ON AUGUST

17 23RD, I BELIEVE MR. MC DOUGALL INDICATED ON THE RECORD

18 HE WISHED TO JOIN IN THE MOTION FOR NEW TRIAL.

19        MR. MC DOUGALL:  YES, YOUR HONOR.

20        THE COURT:  CERTAINLY, I'LL GIVE YOU THE

21 OPPORTUNITY TO ARGUE ON BEHALF OF MR. GULLEDGE.

22        I DON'T DISAGREE WITH YOU, MR. BROOME, TO THE

23 EXTENT THAT THE OPINION IN MCCOY IS FULLY DISPOSITIVE

24 OF THE ISSUE.  BUT IT -- CERTAINLY, SUBSEQUENT

25 AUTHORITY THAT IMPAIRS THE LOGIC OR RATIONALE EVEN ON

26 THE FACTUAL SETTING, THAT WAS VERY DIFFERENT.

27        HOWEVER, THERE IS A CRITICAL POINT WHICH IS

28 ADDRESSED BY THE PEOPLE'S MEMORANDUM WHICH IS NOT

```
 1   ACKNOWLEDGED OR ADDRESSED IN YOUR WRITTEN
 2   COMMENTS, TO THE BEST OF MY UNDERSTANDING, AND THAT IS:
 3   MR. LYTLE, UNLIKE THE CO-DEFENDANTS IN
 4   TO WHICH WE HAVE BOTH REFERRED, HAS NOT
 5   THE JURY HUNG.
 6             MR. BROOME:  I DID ANALOGIZE
 7   INITIAL BRIEF.  I DID POINT THAT OUT AND
 8   THAT; ANALOGIZED IT TO A SIMILAR-TYPE CIRCUMSTANCE.
 9             THE COURT:  ALL RIGHT.  MS. HILTON
10             MS. HILTON:  YOUR HONOR, I BELIEVE THAT THAT
11   IS THE ESSENTIAL DIFFERENCE.  SINCE THE
12   ACQUITTAL, AS I STATED IN MY BRIEF, AN ACQUITTAL NOT
13   TANTAMOUNT -- USING MR. BROOM'S WORDS -- A HUNG JURY IS
14   NOT TANTAMOUNT TO AN ACQUITTAL.
15             MR. LYTLE CAN AND MAY BE TRIED
16   OF THE 261 IN CONCERT; SO THAT EQUALS
17   DIFFERENCE AND FAILS ON MR. BROOME'S
18             MR. BROOME:  IF I MAY RESPOND.
19             THE COURT:  YES.
20             MR. BROOMS:  I THINK THE KEY
21   ALTHOUGH NOT THE MAGIC WORDS OF ACQUITTAL, THE KEY
22   ASPECT IN ALLSIP IS A JOINT TRIAL BASED ON THE SAME
23   FACTS.  THAT'S WHY THE ANALOGY APPLIES.
24             THE COURT:  I UNDERSTAND THE ARGUMENT.
25             MR. MC DOUGALL, DO YOU WISH
26   REGARD TO MR. GULLEDGE'S POSITION?
27             MR. MC DOUGALL:  YOUR HONOR
28   MR. BROOME'S ARGUMENT BY REFERENCE AND SUBMIT IT.
```

51

000345   9

1          THE COURT:  ALL RIGHT.  MS. HILTON, DO YOU

2    WISH TO RECIPROCATE?

3          MS. HILTON:  NO, YOUR HONOR.

4          THE COURT:  IS THE MATTER THEN SUBMITTED WITH

5    REGARD TO THE MOTION FOR NEW TRIAL?

6          MR. BROOM:  YES.

7          THE COURT:  MS. HILTON?

8          MS. HILTON:  SUBMITTED.

9          THE COURT:  THE COURT IS GOING TO AND DOES

10   DENY THE MOTION FOR NEW TRIAL FOR THE REASONS EXPRESSED

11   ON THE RECORD ON THE PRIOR -- ON AUGUST 23RD AND TODAY.

12          I DO AGREE WITH THE PEOPLE'S ANALYSIS AS TO

13   WHY ALLSIP AND THE OTHER AUTHORITIES RELIED UPON BY THE

14   MOVING PARTIES DO NOT MANDATE THE COURT TO GRANT THE

15   MOTION.  MR. LYTLE HAS NOT BEEN ACQUITTED.  THE

16   CIRCUMSTANCES WOULD BE THE SAME IF THERE WERE A

17   SEPARATE TRIAL OF TWO OR MORE OF THE THREE -- OR ONE OR

18   MORE OF THE THREE CO-DEFENDANTS.

19          THE MOTION IS DENIED BOTH AS TO MR. FRANKLIN

20   AND AS TO MR. GULLEDGE.

21          TURNING NOW TO A SENTENCING ITSELF WITH

22   REGARD TO -- AND WE'LL BEGIN WITH MR. GULLEDGE.

23          IS THERE ANY LEGAL CAUSE WHY SENTENCE SHOULD

24   NOT BE IMPOSED AT THIS POINT, MR. MC DOUGALL?

25          MR. MC DOUGALL:  NO LEGAL CAUSE, YOUR HONOR.

26          THE COURT:  IS THERE ANYTHING THAT YOU WISH

27   THE COURT TO HEAR WITH REGARD TO MR. GULLEDGE'S

28   PARTICIPATION -- LET ME BACK UP A STEP BEFORE I ASK FOR

1 THAT, BECAUSE I SHOULD INDICATE FOR THE RECORD WHAT THE

2 COURT'S TENTATIVE INCLINATION IS WITH REGARD TO

3 DISPOSITION BY WAY OF SENTENCING AS TO MR. GULLEDGE.

4       IN THAT REGARD, I HAVE READ AND CONSIDERED

5 THE PROBATION DEPARTMENT REPORT WITH REGARD TO

6 MR. GULLEDGE; I'VE READ AND CONSIDERED THE LETTER FROM

7 THE PEOPLE.  OF COURSE, I PRESIDED AT THE TRIAL AND

8 HAVE DIRECTLY RECEIVED THE EVIDENCE WHICH SUPPORTS THE

9 VERDICT.  I HAD THE OPPORTUNITY TO OBSERVE MR. GULLEDGE

10 IN THE COURTROOM OVER AN EXTENDED PERIOD OF TIME.

11       I DO AGREE, IN SUBSTANCE, WITH THE PEOPLE'S

12 ANALYSIS OF THE SENTENCING ALTERNATIVES AVAILABLE IN

13 THIS MATTER.

14       I'VE ALSO READ MR. MC DOUGALL'S VERY THOROUGH

15 LETTER WITH REGARD TO HIS POSITION REGARDING A

16 SENTENCING; AND I AM PREPARED TO IMPOSE THE TERM

17 RECOMMENDED OR REQUESTED BY THE PEOPLE -- ALTHOUGH THE

18 COURT MIGHT HAVE CONSIDERED EVEN A GREATER TERM THAN

19 THAT REQUESTED BY THE PEOPLE -- AND THAT IS:

20       AS TO COUNT I, THE AGGRAVATED TERM OF NINE

21 YEARS; AS TO COUNT II, THE AGGRAVATED TERM OF NINE

22 YEARS TO BE SERVED CONSECUTIVELY; AS TO COUNT III, THE

23 MIDTERM OF SEVEN YEARS; AND AS TO COUNT IV, THE MIDTERM

24 OF SEVEN YEARS; THE TERMS AS TO COUNTS III AND IV TO BE

25 SERVED CONCURRENTLY.                              I.

26       SO, THE TOTAL TIME FOR MR. GULLEDGE UNDER

27 THESE CIRCUMSTANCES WOULD BE 18 YEARS IN STATE PRISON

28 TO BE SERVED AT 85% TIME.

1       WE DID A COMPUTATION ON THE 23RD AS TO THE
2 NUMBER OF DAYS CREDIT TO WHICH MR. GULLEDGE WOULD BE
3 ENTITLED; AND AFTER I HEAR COMMENTS AND WHEN THE COURT
4 IS PREPARED TO CONFIRM OR MODIFY OR ACTUALLY IMPOSED
5 SENTENCE, I'LL ASK THE DEPUTY TO GIVE US AN UPDATE AS
6 TO THE NUMBER OF DAYS ACTUAL CREDIT THAT MR. GULLEDGE
7 MAY BE ENTITLED.

8       I THINK THE PEOPLE'S ANALYSIS OF THE
9 SENTENCING FACTORS ARE ACCURATE.  I OBSERVED IN
10 MR. GULLEDGE'S, AS WELL, A PARTICULAR LEVEL OF
11 CALLOUSNESS AND LACK OF REMORSE ABOUT HIS PARTICIPATION
12 IN THE MATTER.

13       ON THE OTHER SIDE OF THE WEIGHING OF
14 SENTENCING FACTORS, I DO ACKNOWLEDGE THAT MR. GULLEDGE
15 WAS QUITE YOUNG AT THE TIME OF THE OFFENSE AND QUITE
16 YOUNG NOW.  HAD HE BEEN PROSECUTED AS A JUVENILE, HIS
17 EXPOSURE WOULD BE LESS.  BUT HE TOOK ON THE ADVENTURE
18 OF AN ADULT AND HE IS GOING TO TAKE ON THE CONSEQUENCES
19 THAT WOULD BE VISITED UPON AN ADULT FOR WHAT CAN ONLY
20 BE DESCRIBED AS TRULY REPREHENSIBLE CONDUCT ON HIS
21 PART.

22       WITH REGARD TO THE OTHER TERMS AND CONDITIONS
23 OF SENTENCING, WITH REGARD TO THE RECOMMENDATIONS OF
24 THE PROBATION DEPARTMENT PERTAINING TO MR. GULLEDGE, I
25 WOULD BE PREPARED TO IMPOSE A RESTITUTION FINE IN THE
26 AMOUNT OF $800 PURSUANT TO PENAL CODE SECTION
27 1202.4(B); AN EQUIVALENT ADDITIONAL RESTITUTION FINE,
28 THAT IS TO SAY, IN THE SUM OF $800.00 AS WELL, PURSUANT

1  TO PENAL CODE SECTION 1202.45, THAT AMOUNT TO BE STAYED

2  PENDING SUCCESSFUL COMPLETION OF PAROLE WHEN AND IF

3  MR. GULLEDGE BECOMES ELIGIBLE FOR PAROLE.

4       I WILL ALSO ORDER RESTITUTION AS TO ALL OF

5  THE THREE DEFENDANTS TO BE A JOINT AND SEVERAL

6  LIABILITY, AND I'LL COME BACK TO VERIFYING THE AMOUNT;

7  AND WILL ALSO CONTEMPLATE IMPOSING AN ORDER THAT THE

8  COURT WILL RETAIN CONTINUING JURISDICTION ON THE ISSUE

9  OF RESTITUTION IF THERE IS PROOF OF ADDITIONAL SUMS TO

10  WHICH THE VICTIM OR THE VICTIMS' COMPENSATION BOARD

11  BECOME ENTITLED AS A RESULT OF THE ACTS AND OMISSIONS

12  OF THESE DEFENDANTS.

13       MR. GULLEDGE WOULD, UNDER THE COURT'S

14  CONTEMPLATED SENTENCE, ALSO BE REQUIRED TO REGISTER

15  PURSUANT TO THE PROVISIONS OF PENAL CODE SECTION 290;

16       IF HE HAS NOT FULLY COMPLIED THEREWITH, TO

17  PROVIDE DNA, BLOOD AND SALIVA SAMPLES PURSUANT TO PENAL

18  CODE SECTION 296;

19       AND AS REQUESTED BY THE PROBATION DEPARTMENT,

20  TO PAY A PROBATION INVESTIGATION FEE OF $100.00

21  PURSUANT TO PENAL CODE SECTION 1203.1(B).

22       THAT IS WHAT THE COURT CONTEMPLATES WITH

23  REGARD TO MR. GULLEDGE.  I'LL ENTERTAIN COMMENTS FROM

24  THE PEOPLE AND THEN FROM MR. MC DOUGALL.

25       MS. HILTON?

26       MS. HILTON:  YOUR HONOR, THE ONLY THING THAT

27  I WOULD ADD IS I'D ASK THAT THE COURT ORDER AN H.I.V.

28  TEST RESULT TO BE GIVEN TO THE VICTIM.

000319                13

1        THE COURT:  ALL RIGHT.  THE COURT IS PREPARED

2   TO DO THAT, AS WELL.

3        ALL RIGHT.  MR. MC DOUGALL?

4        MR. MC DOUGALL:  WELL, YOUR HONOR, I ARGUED

5   IN MY SENTENCING LETTER THAT THESE EVENTS -- THESE

6   CRIMES ARE -- LEGALLY HAPPENED ON THE SAME OCCASION.

7        I BELIEVE THE COURT IS MAKING AN ERROR IN

8   REJECTING THAT ANALYSIS AND FINDING THEY'RE SEPARATE

9   OCCASIONS AND IMPOSING CONSECUTIVE TERMS.

10       PURSUANT TO 16.6(D), I THINK THE PROPER TERMS

11  ARE THE MIDTERMS; AND THE AGGRAVATING AND MITIGATING

12  FACTORS WOULD BALANCE EACH OTHER; AND THE COURT SHOULD

13  CHOOSE THE MIDTERM INSTEAD OF THE AGGRAVATED TERM.

14       THE COURT:  MS. HILTON, ANY COMMENT ON THAT

15  ISSUE?

16       MS. HILTON:  NO, YOUR HONOR.  SUBMITTED.

17       THE COURT:  THE RECORD SHOULD INDICATE THAT I

18  DID FULLY CONSIDER YOUR ARGUMENT, WHICH I THOUGHT WAS

19  WELL VERBALIZED AND EXPRESSED, MR. MC DOUGALL; BUT THE

20  COURT IS PERSUADED BY THE EVIDENCE THAT THERE WAS AN

21  OPPORTUNITY, EVEN THOUGH BRIEF IN HISTORICAL TIME, TO

22  REFLECT AND CONSIDER WHETHER MR. GULLEDGE WAS GOING TO

23  ENGAGE IN SUCCESSIVE ACTS OR NOT.  THIS IS NOT AN EVENT

24  WHICH OCCURRED IN AN INSTANT OF TIME AS A RESULT OF

25  SOME PROVOCATION WHERE THERE WAS A LACK OF OPPORTUNITY

26  TO REFLECT.

27       THE COURT HAS CONSIDERED THE FACT THAT

28  MR. GULLEDGE, AS DID OTHER PARTICIPANTS, MAY HAVE BEEN

56

000320    14

1    UNDER THE INFLUENCE OF ALCOHOL TO SOME EXTENT AT THE
2    TIME; BUT THAT'S NO EXCUSE FOR ANYONE, LET ALONE ANY
3    ADDITIONAL ACT THAT WAS ENGAGED IN BY MR. GULLEDGE.
4    AND I DO THINK, UNDER THESE CIRCUMSTANCES, THAT THE
5    AGGRAVATED TERM IS APPROPRIATE.

6            AS I INDICATED VERY BRIEFLY A MOMENT AGO, THE
7    COURT COULD HAVE FOUND CIRCUMSTANCES THAT WOULD HAVE
8    JUSTIFIED AN EVEN GREATER SENTENCE FOR MR. GULLEDGE.  I
9    DON'T MEAN TO SUGGEST 18 YEARS IS NOT A VERY
10   SUBSTANTIAL TIME IN PRISON, PARTICULARLY FOR A YOUNG
11   MAN OF MR. GULLEDGE'S AGE; BUT I DO THINK IT IS
12   APPROPRIATE, GIVEN THE HEINOUS CIRCUMSTANCES OF THIS
13   CRIME.

14            IS THE MATTER THEN SUBMITTED?

15            MR. MC DOUGALL:  SUBMITTED, YOUR HONOR.

16            THE COURT:  THAT WILL BE THE COURT'S SENTENCE
17   WITH REGARD TO MR. GULLEDGE, WITH THE EXCEPTION OF THE
18   QUANTIFICATION OF THE RESTITUTION CLAIM WHICH I'LL COME
19   BACK TO AS TO EACH OF THE DEFENDANTS AFTER WE DEAL WITH
20   THE OTHER SENTENCING ISSUES.

21            WE'LL TURN THEN TO MR. FRANKLIN'S SITUATION.
22            THE COURT, LIKEWISE, OF COURSE, WOULD APPLY
23   ALL OF THE SAME COMMENTS AND TERMS OF THE SOURCES OF
24   INFORMATION AVAILABLE CONCERNING MR. FRANKLIN; AND THE
25   FACT IS THE COURT HAS CONSIDERED AGAIN, I DO THINK,
26   THAT THE PROPOSED SENTENCE REQUESTED BY THE PEOPLE IS
27   APPROPRIATE UNDER THE CIRCUMSTANCES, ALTHOUGH THE COURT
28   COULD, I THINK, JUSTIFY EVEN A GREATER SENTENCE FOR

000321   15

1    MR. FRANKLIN, SPECIFICALLY, THE TERM PROPOSED AND THE

2    TERM THE COURT WOULD CONTEMPLATE -- I NEED TO PAUSE FOR

3    A MOMENT.

4              MR. BROOME, IS THERE ANY LEGAL REASON WHY

5    SENTENCE SHOULD NOT BE IMPOSED?

6              MR. BROOME:  NO LEGAL CAUSE.

7              THE COURT:  ALL RIGHT.  THANK YOU.

8              AS TO COUNT I, THE COURT WOULD CONTEMPLATE

9    THE AGGRAVATED TERM OF NINE YEARS; AS TO COUNT II, THE

10   AGGRAVATED TERM OF NINE YEARS TO BE SERVED

11   CONSECUTIVELY; AS TO COUNT III, THE MIDTERM OF SEVEN

12   YEARS; AS TO COUNT IV, THE MIDTERM OF SEVEN YEARS, EACH

13   OF THOSE TERMS TO BE SERVED CONCURRENTLY, SO THAT

14   MR. FRANKLIN WOULD SERVE 18 YEARS IN STATE PRISON

15   COMPUTED AT 85% TIME.

16             THE COURT WILL ALSO GIVE MR. FRANKLIN CREDIT

17   FOR TIME SERVED TO BE CALCULATED IN A FEW MINUTES TIME

18   FROM NOW.

19             ALTHOUGH THE PARTICIPATION OF EACH OF THE

20   DEFENDANTS, OF COURSE, MUST BE AND SHOULD BE EVALUATED

21   SEPARATELY, I THINK, WITHOUT REPEATING IN HAEC VERBA

22   ALL OF THE COMMENTS I MADE WITH REGARD TO MR. GULLEDGE,

23   THE SAME WOULD APPLY AS TO MR. FRANKLIN.

24             MR. FRANKLIN, ALSO, IS SUBSTANTIALLY OLDER;

25   HE HAD THE OPPORTUNITY FOR REFLECTION THAT MATURITY

26   THEORETICALLY WOULD BRING.  MR. FRANKLIN GAVE AN

27   IMPRESSION IN THE STATEMENT THAT HE GAVE TO THE POLICE,

28   WHICH WAS RECEIVED IN EVIDENCE AT TRIAL, OF REMORSE.

1    IT'S VERY DIFFICULT FOR THE COURT, IN RETROSPECTIVE

2    VIEW OF THE ENTIRE TRIAL AND THE INFORMATION SUPPLIED

3    FROM THE PROBATION DEPARTMENT REPORT, THAT THERE IS

4    TRUE REMORSE AS DISTINGUISHED FROM REGRET THAT

5    MR. FRANKLIN FINDS HIMSELF IN THIS SITUATION.

6           I ALSO ACKNOWLEDGE THE FACT THAT BUT FOR

7    MR. FRANKLIN'S DISCLOSURE OF INFORMATION, NONE OF THE

8    DEFENDANTS MIGHT HAVE BEEN -- MR. FRANKLIN HIMSELF --

9    MIGHT HAVE BEEN APPREHENDED, AND THAT IS A FACTOR THE

10   COURT CONSIDERS IN NOT IMPOSING A GREATER SENTENCE THAN

11   THAT CONTEMPLATED.

12          THE CONSEQUENCES TO THE VICTIM OF THIS

13   ACTION, IN CONCERT WITH MR. GULLEDGE AND MR. LYTLE, IS

14   WELL-EXPRESSED IN MS. DOE'S LETTER.  THE DEFENDANTS MAY

15   BE OUT OF PRISON IN LESS THAN 18 YEARS; BUT THIS VICTIM

16   WILL NOT BE FREE OF THE CONSEQUENCES OF THESE EVENTS IN

17   18 OR 118 YEARS, I FEEL, NOTWITHSTANDING VERY MATURE

18   AND REFLECTIVE REACTION TO THE PRESENT CIRCUMSTANCES.

19          THE COURT, LIKEWISE, CONTEMPLATES A

20   RESTITUTION ORDER AS TO MR. FRANKLIN TO BE SHARED

21   JOINTLY AND SEVERALLY WITH THE REMAINING DEFENDANTS.

22          WITH REGARD TO THE OTHER TERMS AND CONDITIONS

23   AS REQUESTED OR PROPOSED BY THE PROBATION DEPARTMENT,

24   THE COURT WOULD LIKEWISE IMPOSE A RESTITUTION FINE

25   PURSUANT TO PENAL CODE SECTION 1202.4(B) THE SUM OF

26   $800; AN ADDITIONAL RESTITUTION FINE IN THE SAME

27   AMOUNT, $800, PURSUANT TO PENAL CODE SECTION 1202.45 TO

28   BE STAYED PENDING SUCCESSFUL COMPLETION OF PAROLE,

000323

17

1  SHOULD MR. FRANKLIN BECOME ELIGIBLE FOR PAROLE;

2        THE RESERVATION OF JURISDICTION IN THE COURT

3  OVER ADDITIONAL AND APPROPRIATE RESTITUTION CLAIMS WITH

4  REGARD TO MR. FRANKLIN.

5        THE COURT WOULD LIKEWISE IMPOSE, IF HE HAS

6  NOT HERETOFORE SUBMITTED SAMPLES OF BLOOD AND SALIVA,

7  THAT HE DO SO PURSUANT TO PENAL CODE SECTION 296;

8        THAT HE SUBMIT TO AN H.I.V. TEST;

9        AND THAT HE REGISTER PURSUANT TO PENAL CODE

10 SECTION 290.

11       FOR SOME REASON, THE PROBATION DEPARTMENT

12 MAKES NO REFERENCE TO A PROBATION INVESTIGATION FEE

13 WITH REGARD TO MR. FRANKLIN.  I DON'T KNOW IF THAT'S AN

14 OVERSIGHT OR NOT.  BUT SINCE IT IS NOT REQUESTED OR

15 PROPOSED IN THE PROBATION DEPARTMENT REPORT, I WOULD

16 NOT IMPOSE IT UNDER THESE CIRCUMSTANCES.

17       MR. BROOME, DO YOU WISH TO BE HEARD?

18       MR. BROOME:  YES, I DO.

19       I FIND IT DIFFICULT TO SEE HOW THE COURT

20 COULD CONSIDER MR. FRANKLIN'S REMORSE TO BE NOT TRUE

21 REMORSE IN VIEW OF THE FACT THAT HE CAME FORTH

22 VOLUNTARILY AND TALKED ABOUT THIS, AS I INDICATED IN MY

23 BRIEF; AND FURTHERMORE, THAT HE EXPRESSED THAT CONCERN

24 TO THE OFFICERS EVEN BEFORE THEY BEGAN THEIR

25 INTERROGATION PROCESS AND CONTINUED TO EXPRESS THAT

26 THROUGHOUT AND AT THE END.  SO, I SIMPLY DISAGREE WITH

27 THE COURT ON THAT.

28       AS FAR AS HIS RELATIVE AGE BEING GREATER TO

1  JUSTIFY HIS SENTENCE EQUAL TO THAT OF MORE INVOLVED

2  PARTICIPANTS, I DON'T THINK THAT SHOULD BE SO IN THIS

3  CASE BECAUSE OF THE FACT THAT HE WAS NOT SUBSTANTIALLY

4  OLDER THAN THE OTHER DEFENDANTS.

5         SO, I WOULD SUBMIT IT WITH THAT.

6         THE COURT:  ALL RIGHT.  MR. BROOME, THERE'S

7  AN INDIVIDUAL IN THE BACK OF THE COURTROOM WHO WAS, I

8  BELIEVE, INDICATING TO THE COURT THAT SHE WISHED TO

9  MAKE SOME COMMENTS.

10         MR. BROOME:  YES, I THINK SHE DOES.  THAT'S

11  HIS MOTHER.

12         THE COURT:  I'LL CERTAINLY ACCOMMODATE THEM.

13         YOU CAN COME FORWARD, PLEASE.

14         GOOD MORNING.  PLEASE TELL ME YOUR NAME.

15         MRS. FRANKLIN:  I'M JUANITA FRANKLIN, DAMEON

16  FRANKLIN'S ADOPTED MOTHER.

17         THE COURT:  ALL RIGHT.  GOOD MORNING,

18  MRS. FRANKLIN.  I'LL BE HAPPY TO HEAR FROM YOU.

19         MRS. FRANKLIN:  I WANT TO SPEAK IN HIS

20  BEHALF.

21         DAMEON IS A GOOD CHILD.  I'VE HAD HIM SINCE

22  HE BEEN ONE YEAR OLD AND I RAISED HIM.  GOOD KID.

23         WHAT I NEED YOU TO KNOW IS HIS FATHER DIED IN

24  1987; AND HE WENT INTO A SHELL, HE STARTED ACTING OUT.

25         I PUT HIM UNDER THE DOCTOR'S CARE FOR NINE

26  YEARS.  I DID.  THEY WORKED WITH HIM.  HE WAS REBELLING

27  BECAUSE HIS FATHER DIED.  I DIDN'T -- IT WAS HARD FOR

28  ME; IT WAS VERY HARD FOR ME AND I DIDN'T UNDERSTAND.  I

000325    19

```
1   THOUGHT SINCE HE, BEING A CHILD, THAT IT WOULD BE -- HE

2   WOULD BE OKAY.

3          BUT I PUT -- WHEN THE SCHOOL WOULD CALL ME

4   AND TELL ME HE WAS IN A SHELL, HE WOULDN'T TALK, HE

5   WOULDN'T DO THIS OR HE STARTED FIGHTING, I HAD TO PUT

6   HIM UNDER THE DOCTOR.  HE HAD TWO DOCTORS; AND THE

7   REPORT IS THERE, JUDGE, HOW I PUT HIM THERE; IT'S IN

8   THE RECORD HERE, WHAT I DID.

9          I WANT TO YOU KNOW HE'S A GOOD CHILD.  IT'S

10  JUST THAT HE WAS REBELLING.  AND HE DID NOT RAPE THAT

11  YOUNG LADY.  HIS DNA WAS NOT FOUND ON HER, NOT IN THERE

12  -- THE RUBBER THAT THEY HAD.

13         EXCUSE ME.  I JUST WANT TO SPEAK MYSELF.

14         THE COURT:  THAT'S FINE.  GO AHEAD.

15         MRS. FRANKLIN:  THAT THEY FOUND WAS NOT HIS;

16  HE WAS NOT IN IT.  HE TOLD YOU.

17         HE GOT A MENTAL PROBLEM.  THE DOCTOR -- BOTH

18  DOCTORS CAN TELL YOU THAT.  HE'S FOUR YEARS BEHIND EVEN

19  IN HIS AGE.  OKAY?

20         I HAVE ANOTHER SON; HE WAS FIVE YEARS OLD

21  WHEN I ADOPTED HIM, WHEN HIS MOTHER DIED.  OKAY.  HE

22  WAS FIVE.  HE'S A GOOD CHILD.  NO PROBLEM.  HE DIDN'T

23  KNOW ABOUT HIS FATHER; BUT HE DID; HE DID; AND HE

24  STARTED ACTING OUT.  HE WOULDN'T LISTEN.

25         I TOLD HIM TO STAY AWAY FROM BAD KIDS AND HE

26  WOULD NOT LISTEN.

27         NOW, THE POLICEMAN GOT HIM IN THAT ROOM IN

28  THERE AND THEY HAD HIM TURNED ALL KIND OF WAYS.  AND IT
```

000326    20

```
 1│ WOULD HAVE SCARED ME, TOO, IF I WOULD HAVE BEEN IN
 2│ THERE, THE WAY THAT THEY WAS AFTER HIM.
 3│         DO YOU UNDERSTAND WHAT I'M SAYING, JUDGE?
 4│ YOU DON'T MIND ME BEING MYSELF.  I HAVE TO BE ME.
 5│ OKAY?
 6│         AND I DIDN'T LIKE IT I WENT OUT BOTH TIMES
 7│ BECAUSE THE WAY THEY WERE DOING HIM WAS LIKE HARASSING
 8│ HIM; IT WAS HIS SICK PROBLEM.  I EVEN GOT THE MEDICINE
 9│ THAT HE SUPPOSED TO BE TAKING TO CALM HIM DOWN.
10│         HE'S A GOOD CHILD.  YOU PUT HIM AWAY -- HE'S
11│ SORRY FOR EVEN BEING THERE.
12│         THE REASON WHY HE WAS OUT THERE EVEN AT THAT
13│ PLACE IS THAT I KICKED HIM OUT OF THE HOUSE; HE TOOK MY
14│ CAR WITHOUT PERMISSION.  AND I TOLD HIM:  NO, DAMEON,
15│ YOU HAVE TO ALWAYS ASK ME.  AND I KICKED HIM OUT.  SO,
16│ HE WAS OVER THERE WHERE HE WAS AT THAT TIME BECAUSE HE
17│ WAS STAYING THERE AT THAT BUILDING; HE WAS HOMELESS.
18│         MAYBE IT WAS MY FAULT FOR DOING THAT; BUT I
19│ HAD TO BE STRICT AND I KEPT ON TRYING TO BE STRICT.
20│         NOW, HE GOT HIMSELF INTO PROBLEM THAT WILL
21│ RUIN HIM THE REST OF HIS LIFE.
22│         WHO IS GOING TO HIRE A PERSON FOR SOMETHING
23│ HE DIDN'T EVEN DO?
24│         THE DNA SAID HE DIDN'T DO IT.
25│         WHO IS GOING TO HIRE HIM?
26│         WHO IS GOING TO GIVE HIM A JOB?
27│         HE WON'T BE ABLE TO EVER GET A JOB.  I WILL
28│ HAVE TO TRY TO HELP HIM THE REST OF HIS LIFE BECAUSE
```

67

000327

1   YOU AND I KNOW IF WE GO TO GET A JOB, THEY AREN'T GOING

2   TO HIRE ANYBODY WITH A RECORD THAT SAYS HE RAPED

3   SOMEBODY.  THAT'S THE TRUTH.

4        HE'S SORRY; AND I'M SORRY THAT HE HAD TO GO

5   THROUGH THIS.  I'M SORRY THAT HIS FATHER DIED, BUT THAT

6   WAS GOD'S WILL.  HE DID WITH CAN CANCER.  IT WAS GOD'S

7   WILL.

8        THE COURT:  MRS. FRANKLIN, THANK YOU VERY

9   MUCH FOR YOUR TIME.

10       LET ME SAY TO YOU THAT PARENTS MANY TIMES

11  EXPRESS SENTIMENTS AND CONCERNS OF THE KIND THAT YOU'VE

12  EXPRESSED THIS MORNING.  MR. FRANKLIN IS PUNISHED UNDER

13  THE LAW NOT BECAUSE HE'S A BAD PERSON OR NOT A GOOD

14  PERSON, BUT FOR WHAT HE DID; AND WHAT HE DID, HE DID.

15  YOU DID NOT DO.

16       I CAN'T -- NOTHING I CAN SAY IS GOING TO

17  REDUCE YOUR PAIN AS A PARENT; BUT IT'S NOT YOUR ACTS

18  THAT ARE BEING PUNISHED; IT'S HIS.

19       I APPRECIATE YOUR COMMENTS THIS MORNING.

20       THANK YOU.  ALL RIGHT.

21       MS. HILTON, DO YOU WISH TO BE HEARD?

22       MS. HILTON:  SUBMITTED, YOUR HONOR.

23       THE COURT:  ALL RIGHT.

24       MR. BROOME, ANYTHING FURTHER?

25       MR. BROOME:  NO.

26       THE COURT:  ALL RIGHT.  THEN THE COURT WILL

27  CONFIRM THE TENTATIVE SENTENCE AND TERMS INDICATED AS

28  TO MR. FRANKLIN; AND RESERVING ONLY THE ISSUE OF CREDIT

1   FOR TIME SERVED CALCULATION AND QUANTIFICATION OF THE

2   RESTITUTION OBLIGATION WHICH, AS MENTIONED, WE'LL

3   RETURN TO AFTER ALL OTHER SENTENCING ISSUES HAVE BEEN

4   DEALT WITH.

5         WE'LL TURN NOW TO MR. LYTLE.

6         LIKEWISE, THE COURT HAS CONSIDERED THE

7   PROBATION DEPARTMENT REPORT; THE COURT HAS CONSIDERED

8   THE PEOPLE'S MEMORANDUM WITH REGARD TO SENTENCING.

9         THE COURT IS NOT AWARE OF ANYTHING HAVING

10  BEEN SUBMITTED BY MR. HOVE OR OTHERWISE ON MR. LYTLE'S

11  BEHALF.   HAS SOMETHING BEEN SUBMITTED?

12        MR. HOVE:   NO, YOUR HONOR, IT HAS NOT.

13        THE COURT:   MR. LYTLE, OF COURSE, REMAINS IN

14  A CIRCUMSTANCE WHERE THERE WAS A HUNG JURY AS TO SOME

15  OF THE COUNTS.

16        THE DETERMINATION, I TAKE IT, HAS YET TO BE

17  MADE, MS. HILTON, AS TO WHETHER THE PEOPLE ARE GOING TO

18  RETRY MR. LYTLE ON THOSE CHARGES; IS THAT CORRECT?

19        MS. HILTON:   THAT IS FAIR.

20        THE COURT:   REMAINS UNDETERMINED AT THIS

21  POINT.

22        THE EVIDENCE IN THE CASE WOULD CERTAINLY

23  INDICATE THAT MR. LYTLE COULD BE CONSIDERED AS THE

24  PRINCIPAL ACTOR AND BAD ACTOR IN THE EVENTS WHICH

25  OCCURRED ON THE DAY IN QUESTION.   BECAUSE OF THE

26  FAILURE OF THE JURY TO REACH RESOLUTION OF ALL COUNTS,

27  WE'RE CONCERNED WITH COUNTS III AND IV.

28        AGAIN, I'M PREPARED TO PROCEED WITH THE

1   PROPOSED DISPOSITION AS CALCULATED BY THE PEOPLE; AND

2   ONCE MORE, THE COURT CAN CONCEIVE OF SOME ALTERNATIVE

3   DISPOSITIONS BUT LIMITED, OF COURSE, BY THE INCOMPLETE

4   DETERMINATION OF THE REMAINING COUNTS.

5          THE AGGRAVATED TERM OF NINE YEARS IN STATE

6   PRISON ON COUNT III AND THE AGGRAVATED TERM OF NINE

7   YEARS IN STATE PRISON ON COUNT IV TO BE SERVED

8   CONSECUTIVELY, FOR A TOTAL OF 18 YEARS AT 85% TIME, I

9   THINK, IS AN APPROPRIATE DISPOSITION.

10         THE REMAINING TERMS AND CONDITIONS OF

11  PROBATION, AS RECOMMENDED BY THE PROBATION DEPARTMENT,

12  LIKEWISE APPEAR TO THE COURT TO BE APPROPRIATE.

13         AFTER WEIGHING ALL OF THE SENTENCING FACTORS

14  AND THE EVIDENCE IN THE CASE AND WHAT APPEARS TO BE NOT

15  JUST A LACK OF REMORSE BUT AN AGGRESSIVE FORM OF DENIAL

16  OF ANY RESPONSIBILITY FOR MR. LYTLE'S PARTICIPATION IN

17  THESE EVENTS, AND THE COURT -- WHATEVER HOPE THERE MAY

18  BE FOR MR. GULLEDGE AND MR. LYTLE TO, AT SOME POINT,

19  FULLY ACCEPT AND RECOGNIZE THEIR RESPONSIBILITY, THE

20  COURT HAS LITTLE GROUNDS FOR OPTIMISM AS TO MR. LYTLE.

21         THE COURT WOULD BE PREPARED TO ACCEPT THE

22  PROBATION DEPARTMENT'S RECOMMENDATIONS WITH REGARD TO A

23  RESTITUTION FINE IN THE SUM OF $400 PURSUANT TO PENAL

24  CODE SECTION 1202.4(B); A LIKEWISE ADDITIONAL

25  RESTITUTION FINE, THAT IS TO SAY, AN ADDITIONAL $400

26  PURSUANT TO PENAL CODE SECTION 1202.45 TO BE STAYED

27  PENDING SUCCESSFUL COMPLETION OF PAROLE.

28         A RESTITUTION TO BE SHARED JOINTLY AND

1 SEVERALLY WITH THE CO-DEFENDANTS; A RESERVATION OF

2 JURISDICTION FOR ADDITIONAL RESTITUTION CLAIMS PURSUANT

3 TO PENAL CODE SECTION 1202.4(F);

4        AND ORDER THAT MR. LYTLE REGISTER PURSUANT TO

5 PENAL CODE SECTION 290;

6        AND THAT HE SUBMIT, IF HE HAS NOT HERETOFORE

7 DONE SO, TO BLOOD AND SALIVA SAMPLES PURSUANT TO PENAL

8 CODE SECTION 296;

9        AND LIKEWISE, SUBMIT TO AN H.I.V. TEST.

10        THAT'S WHAT THE COURT CONTEMPLATES WITH

11 REGARD TO MR. LYTLE.

12        MR. HOVE, I NEGLECTED TO ASK YOU:  ANY LEGAL

13 CAUSE WHY SENTENCE SHOULD NOT BE IMPOSED AT THIS POINT?

14        MR. HOVE:  THERE'S NO LEGAL CAUSE, YOUR

15 HONOR.

16        THE COURT:  DO YOU WISH TO BE HEARD WITH

17 REGARD TO MR. LYTLE'S DISPOSITION?

18        MR. HOVE:  BASED UPON WHAT THE COURT'S

19 ALREADY INDICATED WITH REGARD TO MR. GULLEDGE AND

20 MR. FRANKLIN, WE'LL SUBMIT IT.

21        THE COURT:  MS. HILTON, DO YOU WISH TO BE

22 HEARD?

23        MS. HILTON:  IT'S SUBMITTED.

24        THE COURT:  THE COURT WILL CONFIRM THAT

25 SENTENCE WITH REGARD TO MR. LYTLE.

26        LET'S RETURN TO THE RESTITUTION CLAIMS ISSUES

27 IN THE PROBATION REPORT.  THE SUM INDICATED WAS

28 $960.25.  THE COURT HAS A LETTER FROM THE VICTIMS'

000331

1  COMPENSATION BOARD.

2          I WANTED TO CLARIFY WITH MS. HILTON AS TO

3  WHETHER, IN FACT, THAT IS THE TOTAL SUM THAT IS

4  PRESENTLY DUE TO THE VICTIMS' COMPENSATION BOARD.

5          MS. HILTON:  I'M SORRY.  I MISSED THAT.

6          THE COURT:  YES.  MY QUESTION IS:  IS THE

7  TOTAL SUM WHICH IS DUE BY WAY OF RESTITUTION TO THE

8  VICTIMS' COMPENSATION BOARD THE $960.25 FIGURE WHICH

9  APPEARS IN THE PROBATION REPORT?

10          MS. HILTON:  THAT'S THE LAST NUMBER I HAVE,

11  YOUR HONOR, YES.

12          THE COURT:  THAT IS THE AGGREGATE NUMBER; IT

13  HAS NOT BEEN DIVIDED THREE WAYS?

14          MS. HILTON:  THAT IS CORRECT.  THEY ARE

15  CONTINUING TO PAY OUT; SO I WOULD ASK THE COURT TO

16  RESERVE JURISDICTION AS TO THE REST.

17          THE COURT:  AND I INTEND TO DO SO.

18          MS. HILTON:  THANK YOU.

19          THE COURT:  WITH REGARD TO MS. DOE'S

20  INDIVIDUAL RESTITUTION CLAIM, IS NOT DUPLICATIVE OF THE

21  VICTIMS' COMPENSATION BOARD, WHAT IS THE SUM THAT IS

22  REQUESTED AS OF TODAY?

23          MS. HILTON:  THAT WAS $1,580 BEFORE TAXES;

24  THE LAST TIME THE VICTIM HAD TO COME FORWARD THE

25  MORNING OF AUGUST 23RD -- SHE MAKES APPROXIMATELY $8 AN

26  HOUR FOR FOUR HOURS, WOULD BE $32 FOR THAT DAY.  I

27  DIDN'T KNOW IF THE COURT WANTED TO PUT THAT ON THE

28  DEFENDANTS OR ON MR. HOVE; SO I DID NOT SUBMIT --

000332   26

1          THE COURT:  I'LL ADDRESS THAT SEPARATELY AS

2    TO MR. HOVE WHEN WE'VE CONCLUDED THE SENTENCING

3    PROCEEDING ITSELF.

4          ALL RIGHT.  THE COURT WOULD CONTEMPLATE THE

5    FOLLOWING ORDER WITH REGARD TO RESTITUTION:

6          THE SUM OF $960.25 PAYABLE TO THE VICTIMS'

7    COMPENSATION BOARD TO BE SHARED JOINTLY AND SEVERALLY

8    BY EACH OF THE THREE DEFENDANTS; AND WITH THE COURT TO

9    RESERVE JURISDICTION PURSUANT TO PENAL CODE SECTION

10   1202.4(F) AS TO ANY ADDITIONAL RESTITUTION CLAIMS; AND

11   THE SUM OF $1,580 TO BE PAID TO THE VICTIM, LIKEWISE TO

12   BE SHARED JOINTLY AND SEVERALLY BY THE DEFENDANTS.

13         HOW WOULD YOU ASK THAT THAT BE PAID; IN OTHER

14   WORDS, HOW WOULD THOSE FUNDS BE ROUTED?

15         MS. HILTON:  I ASSUME THROUGH CENTRAL

16   COLLECTIONS OR THEIR PAROLE AGENT, I BELIEVE, WOULD BE

17   THE BEST WAY, SO THAT THEY HAVE NO DIRECT CONTACT WITH

18   THE VICTIM, OBVIOUSLY.

19         THE COURT:  LET ME HEAR FROM EACH COUNSEL, IF

20   THERE'S ANY OBJECTION TO THE CONTEMPLATED RESTITUTION

21   ORDER.

22         MR. MC DOUGALL?

23         MS. HILTON:  I'M SORRY.  THEY CAN ALSO DO IT

24   THROUGH THE VICTIMS' COMPENSATION BOARD.  I'M SORRY.

25         THE COURT:  I THINK THAT WOULD BE THE

26   PREFERABLE WAY TO DO IT.

27         MR. MC DOUGALL?

28         MR. MC DOUGALL:  SUBMITTED, YOUR HONOR.

000333    27

1            THE COURT:  MR. BROOME?

2            MR. BROOM:  SUBMITTED.

3            THE COURT:  MR. HOVE?

4            MR. HOVE:  JUDGE, I HAPPEN -- I HAVE TO

5    OBJECT.

6            MY OBJECTION IS BASED ON THIS:  I AM NOT

7    CLEAR WHETHER THE $1,580 IS INCLUDED IN THE ORIGINAL

8    COMPUTATIONS GIVEN TO THE VICTIMS' RESTITUTION BOARD,

9    THE BOARD AS NAMED;

10           SECONDLY, JUDGE, I DON'T KNOW -- ALL WE HAVE

11   HERE IN TERMS OF THIS $1,580 IS AN INDICATION THAT THE

12   VICTIM TOOK A PERSONAL LEAVE OF ABSENCE FOR A MONTH.  I

13   DON'T KNOW THE REASON FOR THAT, TAKING THAT MONTH OFF.

14           ON BEHALF OF MR. LYTLE, I HAVE TO OBJECT TO

15   THAT AMOUNT BEING INCLUDED BECAUSE I THINK THAT'S NOT

16   SUBSTANTIATED AS RELATING TO THE CASE.  I DON'T KNOW

17   WHETHER THAT WOULD BE COMPENSABLE, AS WELL.

18           THE COURT:  I SUSPECT PART OF THE VICTIM'S

19   LEAVE TIME WAS THE LENGTH OF TIME SHE WAS KEPT ON THE

20   STAND AND CROSS-EXAMINED BY DEFENSE COUNSEL; CERTAINLY,

21   THAT'S A FACTOR.

22           MR. HOVE:  THAT MAY BE.  I APPRECIATE THE

23   FACT THAT THAT WENT A PERIOD OF THREE OR FOUR DAYS; SO

24   I UNDERSTAND THAT ASPECT, YOUR HONOR, AND I'M NOT

25   UNSYMPATHETIC TO THE VICTIM IN TERMS OF THAT.

26           I'M JUST SAYING, IN TERMS OF THE COURT'S

27   ORDER, I THINK THAT FOR MY CLIENT'S SITUATION I HAVE TO

28   OBJECT BECAUSE I DON'T THINK THE AMOUNT HAS BEEN

000334

1  VERIFIED.

2          THE COURT:  WITH REGARD TO THE ISSUE OF

3  WHETHER THERE IS ANY DUPLICATION OF THE VICTIM'S DIRECT

4  LOSS CLAIM AND THE VICTIMS' COMPENSATION BOARD SUM, CAN

5  YOU SHED ANY LIGHT ON THAT, MS. HILTON?

6          MS. HILTON:  IF WE COULD TAKE A FIVE MINUTE

7  BREAK, I COULD ASK; BUT I BELIEVE THE AMOUNT IS FROM

8  COUNSELING FEES --

9          THE COURT:  ALL RIGHT.

10          MS. HILTON:  -- AND IT IS NOT DUPLICATIVE OF

11  THE HOURLY WAGE THAT SHE MISSED.

12          THE COURT:  WHY DON'T WE TAKE JUST A MOMENT,

13  IF YOU'D LIKE TO CONFER; WE'LL PAUSE FOR JUST A MOMENT.

14          MS. HILTON:  BE RIGHT BACK.

15  (SHORT PAUSE IN THE PROCEEDINGS.)

16          THE COURT:  LET'S GO BACK ON THE RECORD.

17          WE'RE BACK ON THE RECORD NOW.  ALL COUNSEL

18  AND DEFENDANTS ARE PRESENT.

19          MS. HILTON, WITH REGARD TO THE RESTITUTION

20  ISSUE?

21          MS. HILTON:  YES, YOUR HONOR.

22          I DID SPEAK WITH A MEMBER OF THE VICTIMS'

23  RESTITUTION CLAIMS BUREAU FROM OUR OFFICE, AND THE

24  "M.D." ABOVE THE COLUMN THAT HAS $1,725, THAT ALL

25  COUNTS AS -- IS MEDICAL EXPENSES, $1725 AND "AIDS"

26  REFERS TO MENTAL HEALTH, AND THAT'S THE $943.

27          I HAVE A REPRESENTATIVE HERE, IF YOU WANT

28  MORE; BUT THAT WOULD ANSWER MR. HOVE'S QUESTION ABOUT

1  WHAT THAT TOTAL AMOUNT IS.                    000335

2        THE COURT:  MR. HOVE, DOES THAT CLARIFY THE
3  ISSUE TO YOUR SATISFACTION?

4        MR. HOVE:  IT DOES, YOUR HONOR.  I STILL HAVE
5  THE BLANKET OBJECTION TO THE TOTAL AMOUNT.

6        THE COURT:  ALL RIGHT.  THEN THE MATTER
7  HAVING BEEN SUBMITTED, THE COURT IS GOING TO ORDER
8  RESTITUTION IN THE SUMS PREVIOUSLY INDICATED:  THE SUM
9  OF $960.25 TO BE PAID TO THE VICTIMS' COMPENSATION
10  BOARD TO BE SHARED JOINTLY AND SEVERALLY BY THE
11  DEFENDANTS; AND THE SUM OF $1,580 TO BE PAYABLE TO THE
12  VICTIM BUT VIA THE VICTIMS' COMPENSATION BOARD,
13  LIKEWISE TO BE SHARED JOINTLY AND SEVERALLY AMONG THE
14  THREE DEFENDANTS.

15        THE COURT IS PERSUADED THERE WAS MORE THAN
16  SUFFICIENT EVIDENCE IN THE RECORD FOR JOINT AND SEVERAL
17  ALLOCATIONS FOR ALL OF THESE EXPENSES.

18        WITH REGARD TO CREDIT FOR TIME SERVED:  WHILE
19  WE WERE BRIEFLY OFF THE RECORD, THE DEPUTY INFORMED ME
20  THAT ACCORDING TO THE SHERIFFS' DEPARTMENT
21  CALCULATIONS, MR. LYTLE AND MR. GULLEDGE (SIC) EACH
22  HAVE -- MR. LYTLE AND MR. FRANKLIN EACH HAVE 931 DAYS
23  ACTUAL, PLUS 140 DAYS SAGE, CREDITS FOR A TOTAL OF 1071
24  DAYS CREDITS FOR EACH MR. LYTLE AND MR. FRANKLIN;

25        WITH REGARD TO MR. GULLEDGE, THE CALCULATION
26  WOULD BE 868 DAYS ACTUAL, 130 DAYS SAGE CREDITS, FOR A
27  TOTAL OF 998 DAYS.

28        IS THERE ANY DISAGREEMENT, MS. HILTON, ON THE

009338

```
 1  PEOPLE'S BEHALF AS TO THE CALCULATIONS?

 2          MS. HILTON:  NO, YOUR HONOR.

 3          THE COURT:  MR. MC DOUGALL, ANY THERE ANY

 4  DISAGREEMENT AS TO THE CALCULATION WITH REGARD TO

 5  MR. GULLEDGE?

 6          MR. MC DOUGALL:  NO.  THAT APPEARS TO BE

 7  CORRECT AS TO MR. GULLEDGE.

 8          THE COURT:  MR. BROOME, AS TO MR. FRANKLIN,

 9  IS THERE ANY DISAGREEMENT WITH REGARD TO THE

10  CALCULATION?

11          MR. BROOME:  I HAVE NO IDEA; BUT SUBMITTED.

12          THE COURT:  MR. HOVE, AS TO MR. LYTLE?

13          MR. HOVE:  THEY APPEAR ACCURATE.

14          THE COURT:  THOSE CREDITS WILL BE GIVEN AS

15  EXPRESSED ON THE RECORD.

16          EACH OF THE DEFENDANTS IS NOTIFIED THEY HAVE

17  THE RIGHT TO APPEAL THEIR CONVICTIONS AND SENTENCING BY

18  FILING A NOTICE OF APPEAL WITHIN 60 DAYS OF TODAY'S

19  DATE.

20          EACH OF THE DEFENDANTS WILL BE REMANDED --

21  WILL REMAIN IN THE CUSTODY OF THE SHERIFF OF ALAMEDA

22  COUNTY UNTIL THEY CAN BE DELIVERED TO AND REMANDED TO

23  THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS TO SERVE

24  THEIR TERMS IN STATE PRISON.

25          MS. HILTON, ANYTHING FURTHER BY WAY OF

26  INFORMATION FOR THE ABSTRACT OR OTHERWISE FOR THE

27  RECORD THIS MORNING?

28          MS. HILTON:  NO, YOUR HONOR.
```

KAREN J. ROBERSON, CSR #2640

1          THE COURT:  OKAY.  MR. MC DOUGALL, ANYTHING
2   FURTHER FOR THE RECORD?

3          MR. MC DOUGALL:  NO, YOUR HONOR.  THANK YOU.

4          THE COURT:  THANK YOU, SIR.

5          MR. BROOME?

6          MR. BROOME:  NO, YOUR HONOR.

7          THE COURT:  MR. HOVE?

8          MR. HOVE:  NO, YOUR HONOR.

9          THE COURT:  ALL RIGHT.

10         MR. HOVE:  WE HAVE THE OTHER ASPECT.

11         THE COURT:  ALL OF THE OTHER DEFENDANTS AND
12   COUNSEL ARE FREE TO GO, AS IS MS. HILTON.

13         MR. HOVE, YOU WERE EXPECTED TO BE HERE ON
14   AUGUST 23RD.  AS I EXPRESSED ON THE RECORD AT THE
15   OUTSET, AND AS I DID ON THAT OCCASION, I WAS, TO SAY
16   THE LEAST, DISAPPOINTED AND SURPRISED BY YOUR
17   NON-APPEARANCE.

18         I'M CONTEMPLATING A NUMBER OF ALTERNATIVES,
19   ONE OF WHICH IS TO CITE YOU FOR CONTEMPT; ANOTHER
20   ALTERNATIVE IS FOR THE COURT TO FIND YOU IN VIOLATION
21   OF A LAWFUL ORDER OF THE COURT AND TO IMPOSE SANCTIONS
22   PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 177.5, AND
23   SANCTION THE COURT WOULD CONTEMPLATE IS THAT YOU PAY
24   THE COUNTY CLERK THE SUM OF $250 IN SANCTIONS.

25         I'M PREPARED TO IMPOSE THAT SANCTION AND
26   PERMIT YOU TO DISCHARGE THAT RESPONSIBILITY BY PAYING
27   TO THE VICTIM THE SUM OF $32 TO BE PAYABLE THROUGH THE
28   DISTRICT ATTORNEY'S OFFICE.

000333   32

1        DO YOU WISH TO BE HEARD?

2        MR. HOVE:  I SUBMIT.

3        THE COURT:  ALL RIGHT.

4        MR. HOVE:  I SUBMIT IT.

5        I DO APOLOGIZE TO THE COURT AND TO THE VICTIM

6    AND EVERYBODY FOR ANY INCONVENIENCE.

7        THE CIRCUMSTANCES WERE SUCH, I THINK AS THE

8    COURT RELATED, I WAS IN TRIAL; WE DIDN'T KNOW IF WE

9    WERE GOING TO BE IN SESSION ON THAT TRIAL THE DAY THAT

10   I WAS TO APPEAR HERE.  WE DID, IN FACT, GO OVER TO THAT

11   MORNING TO FINISH THE TRIAL, WHICH IT HAD SOME

12   INTERRUPTIONS AND JUDGE HASHIMOTO WAS VERY INTERESTED

13   IN GETTING THE CASE COMPLETED.

14       I WAS AWARE THAT A MOTION FOR NEW TRIAL WAS

15   GOING TO BE FILED PROBABLY ON THE DAY OF THE HEARING.

16   BASED ON THAT, IT WAS ANTICIPATED, IN MY MIND, THAT THE

17   MATTER WOULD BE CONTINUED, AT ANY RATE.

18       MY RECOLLECTION IS WE DIDN'T FINISH UNTIL

19   LATE AT NIGHT BEFORE I CALLED THE COURT TO LET THEM

20   KNOW EXACTLY WHERE I WAS AND WHAT THE SITUATION WAS.

21       SO, THAT'S THE EXTENT OF THE FACTS.

22       THE COURT:  YOUR COMMENTS ARE NOTED,

23   MR. HOVE.

24       DO YOU NEED MORE THAN TEN DAYS TO DELIVER A

25   CHECK FOR $32 TO THE DISTRICT ATTORNEY'S OFFICE?

26       MR. HOVE:  JUDGE, I'LL GIVE THEM EITHER CASH

27   OR CHECK IMMEDIATELY.

28       THE COURT:  EXCELLENT.  ALL RIGHT.

```
 1              MR. HOVE:  TO WHOM SHOULD THAT BE PAID?  000339
 2              THE COURT:  HOW WOULD YOU WANT PAYMENT,
 3   MS. HILTON?
 4              MS. HILTON:  IS IT GOING TO BE CASH OR CHECK?
 5              MR. HOVE:  IT WILL BE CASH.
 6              MS. HILTON:  THEN YOU DON'T TO WRITE A CHECK.
 7              THE COURT:  NEED NOT BE MADE PAYABLE.
 8              MR. HOVE:  I'M GOING TO SUBMIT $35.
 9              THE COURT:  EXCELLENT.
10              MR. HOVE:  I DO NOT EXPECT CHANGE.
11              THE COURT:  YOU'LL GET $3 CREDIT FOR TIME
12   SERVED.
13              MS. DOE, GOOD LUCK TO YOU.
14              MR. HOVE:  THANK YOU, YOUR HONOR.
15              THE COURT:  YOU'RE WELCOME.
16              THANK YOU, MR. HOVE.
17                        *  *  *
18   (FRIDAY, SEPTEMBER 7, 2001 PROCEEDINGS CONCLUDED.)
19                        *  *  *
20
21
22
23
24
25
26
27
28
```

**E X H I B I T #5**

**PROBATION OFFICER'S REPORT AND RECOMMENDATION**

000293

(RCD - 04/02/01)        **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**        Dept. No. 002

| Date: September 7, 2001 | Hon.   ROBERT B. FREEDMAN    , Judge | Juanita Moore, Deputy Clerk<br>Karen Roberson, Reporter |
| --- | --- | --- |

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing<br>for Plaintiff | Danielle Hilton, Deputy<br>District Attorney |
| --- | --- | --- |
| Plaintiff | | |
| vs. | Counsel appearing<br>for Defendant | Thomas Broome, Esquire |
| **DAMEON FRANKLIN** | | |
| Defendant | Probation Officer<br>appearing | Deputy |

NATURE OF PROCEEDINGS:    **REPORT AND SENTENCE**

Case No. 136007B
PFN:  **AYA853**
CEN:  **9228736**

Defendant    is    present.

Defendant having been convicted by Jury Verdict of the offense(s) of a felony(ies) shown below. The defendant waives formal arraignment for sentence and has no legal cause to show why the judgment of this Court should not be pronounced against him/her.

The Court pronounces judgment. Defendant is to be punished by imprisonment in the State Prison of the State of California for:

☐ Additional counts are listed on attachment
_____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JT | CT | plea | TERM L.M.U | Concur. | Consec 1/3 Violent | Consec 1/3 NON Violent | Consec Full Term | Incomplete sentence Refer 5 | 654 Stay | Principal o Consecut Time impo |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | | | | | | | | | YRS. |
| 01 | PC | 261(a)(2)/264.1 | RAPE W/ CONCERT | 1999 | 06-21-01 | X | | | U | | | | | | | 9 |
| 02 | PC | 261(a)(2) | RAPE W/CONCERT | 1999 | 06-21-01 | X | | | U | | | | X | | | 9 |
| 03 | PC | 288(a)(d) | ORAL COPULATION | 1999 | 06-21-01 | X | | | M | X | | | | | | 7 |
| 04 | PC | 288(a)(d) | ORAL COPULATION | 1999 | 06-21-01 | X | | | M | X | | | | | | 7 |
| | | | | | | | | | | | | | | | | |

**TOTAL TERM: 18 YEAR(S),  0  MONTH(S).**

Defendant has been in custody for 931 actual days plus  140    days good time/work time credit for a total of  1071    days as a result of the same criminal act(s) for which he/she has been convicted.
Defendant is ordered to pay Restitution Fine of $  800.00    pursuant to Penal Code section 1202.4(b) and an additional Parole Restitution Fine of $  800.00    pursuant to Penal Code section 1202.45 is suspended pending successful completion of parole.
Defendant is ordered to pay Restitution to the victim in the amount of $  960.25 + 1580.00    pursuant to Penal Code section 1202.4(f).
Restitution is reserved.
Defendant is ordered to pay Probation Investigation Fee of   100.00
Defendant is to submit to blood/saliva sample for DNA testing pursuant to Penal Code section 296.
Defendant is to register as a sex offender pursuant to Penal Code section 290.
The defendant is remanded to the custody of the Alameda County Sheriff's Department - NO BAIL.

FRANKLIN.RSMO.doc

78

401 (REV. 5/01)

009300

RENE DAVIDSON COURTHOUSE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

DOCKET NAME  **FRANKLIN, DAMEON**          DEPT. __002__   CRT. DATE/TIME __9/07/01__  __10:00__

DEFENDANT NAME  **FRANKLIN, DAMEON RAY**          RPT. NO. __98-89506__   DOCK NO. __136007B__

PROC. **R&S    MNT**    CEN. __9228736__  PFN. **AYA853** A DAY __02/19/99__  SJ DATE __3/18/02__

COUNTS                                    PIC 00S00   AAG-SO   ACITY DB

CHARGES  1)F261A)1)CON PC CONVICTED-JURY T  4)F288(A)(D) PC 1 PR CONVICTED-JURY T
2)F261A)2)CON PC CONVICTED-JURY T  5)F286(D) PC  ACQUITTED
3)F289(A)(D) PC CONVICTED-JURY TR  6)F289(A) PC  ACQUITTED

STAT   SET   BAIL $145,000.00   TOTAL DAYS IN CUSTODY:   930        UNDER 21

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ DOB __02/28/78__

BAIL _____ STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____

FINE/REST. _____ DATE PAID _____ REC. NO. __NORTH 1__  TIME WAIVED __THS__

**PROCEEDING**

                                              DCCO:

JUDGE __ROBERT FREEDMAN__          DEP. D.A. _Danielle Hilton_

DEP. CLERK __JUANITA MOORE__        DEF. ATTY. __THOMAS BROOME__          ☐ Not Present

REPORTER __Karen Roberson__        OTHERS _____

Defendant:  ☑ Present   ☐ Not Present   ☐ Excused   ☑ In Custody   ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
☐ Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
☐ Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s) _____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilt
☐ Stipulates to: lesser included / reasonably related offense of count(s) _____ to charge(s) _____
☐ Time waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
☐ Clauses: ☐ Stricken _____ ☐ Admitted _____ ☐ Sentencing Purposes Only
☐ Priors: ☐ Stricken _____ ☐ Admitted _____ ☐ Denied
☐ Probation: ☐ Conditional Sentence: ☐ Granted for _____ years/months ☐ See attached conditions
    ☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
☐ Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): _____
☐ Petition/Motion _____                    ☐ Granted ☐ Denied ☐ Withdrawn
☐ Referred to: ☐ Probation Dept. ☐ Financial Hearing Officer ☐ _____
**Restitution:** ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
☐ Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
☐ **Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $ _____ ☐ No Cite Release ☐ Night Servic

Motion for new trial - DENIED            CTS 931 + 140 = 1,071
11 - 261(a)(2) / 264.1 (Upper) 9 yrs      $ 200 per 1202.4      Juanita Franklin
12 - 261(a)(2) / 264.1 (Upper) 9 yrs %s    $ 200 per 1202.45-stayed  mother address the court
                                          $ 9,6.25 per 1202.4(e) RF
13 - 288(a)(d)(M10) 4 yrs C/C             $ 1,580.00 victim restn-n    $100.00 PIF
14 - 288(a)(d)(M10) 7 yrs C/C             Rest reserved for future bills   1203.1b
     TOTAL  18 yrs SP                     & jointly & severally to pay victim Res!
                                          Reg per 290 PC         -AP-CM
                                          Sub DNA/13100d per 296
t: Date: _____ Time: _____ Dept. _____ Proc.:    Sub HIV Test.    & adv & appeal rights
                                          Date: _____ Time: _____ Dept. _____ Proc.:

3PUS Codes: _____

DOCKET NAME __FRANKLIN, DAMEON RAY__          CT. DATE __9/07/01__  DOCK NO. __136007B__

79

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA

VS

FRANKLIN, DAMEON

DEFENDANT

## PROBATION OFFICER'S REPORT AND RECOMMENDATION

EVENT NAME    **FRANKLIN, DAMEON RAY**
C.I.I. NAME  **FRANKLIN, DAMEON RAY**                         JUDGE  **FREEDMAN**
(MAILING)
ADDRESS  476 Creighton Way, Oakland, CA.          DEPARTMENT NO.  **002**

D.O.B    **02/28/78**                (AGE:   **23**   )      DOCKET NO.    **136007B**

SEX    **MALE**                  ETHNIC  **BLACK**        REFERRAL DATE   **06/21/01**

HT. **5FT   9IN** WT.  **145**      HAIR   **BLACK**
C.I.I. NO.  **11466832**                                   COURT DATE    **08/23/01**

CEN.    **9228736**                                DEFENSE ATTORNEY    **THOMAS BROOME**

PFN.    **AYA853**                              REPORT BY _____ FRANK TAPIA
                                                              DEPUTY PROBATION OFFICER

CHARGES FILED   PC 261A)1)CON F; PC 261A)2)CON F; PC 288(A)(D) F
PC 288(A)(D) 1/PR F; PC 286(D) F; PC 289(A) F

CURRENT CHARGES   PC 261A) )CON F; PC 261A)2)CON F; PC 288(A)(D) F
PC 288(A)(D) 1/PR F.

CHARGE STATUS   **JURY VERDICT**

DATE AND PLACE OF      **ARREST**              ARREST AGENCY **SHERIFFS OFFICE**

 **02/19/99 SRJ BOOKING**          **DB**

CURRENT CUSTODY STATUS    **IN CUSTODY**        DAYS IN JAIL THIS CHARGE _____ 917

CUSTODY STATUS THIS CHARGE  **IN CUSTODY**
                                    O.R. ON            BAILED ON          AMOUNT $ **145,0**

**80**
MARRIED:    Yes _____  No  X   LIVES
                              WITH  HOMELESS          INCOME
                                                      SOURCE   UNEMPLOYED
FORM 240-58 (REV 9-78)

**FRANKLIN, DAMEON**                                                    **Docket #: 136007B**

## CRIMINAL HISTORY

Juvenile:

Date                          Offense and Disposition

1-27-96                       Offense: PC 470.
Oakland
                             Disposition: 4-11-96, informal supervision.

                             10-3-96, satisfactory adjustment and dismissal.

Adult:

Date                          Offense and Disposition

5-14-96                       Offense: PC 602(1) M.
Oakland
                             Disposition: 5-17-96, 24 months Court probation, county jail four days.

4-18-97                       Offense: VC 10851(A) F.
Oakland
                             Disposition: 7-2-97, three years formal probation.

                             12-4-98, one year county jail, probation extended to 7-2-02.

9-15-98                       Offense: PC 211 2nd deg. F.
Berkeley
                             Disposition: 12-4-98, five years formal probation, county jail 122 days,
                             no firearms, obtain GED.

Pending Criminal Cases: None. According to NCIC, the defendant has no outstanding warrants.

Prior Probation History: Since 1996 the defendant has had one grant of Court probation and two grants
of formal probation with two revocations and one failure to appear in Court.

Institutional and Parole History: None.

## PRESENT OFFENSE

Offense Summary: According to the District Attorney's Summary of the offense:

"On September 4, 1998 Jane Doe left work at about 5pm on her way to her mother's house in Concord.
Jane walked up to a boy named Andrew and asked him if he had a light for her cigarette. Jane and

81

**FRANKLIN, DAMEON**                                                    **Docket #: 136007B**

Andrew began to. A few minutes later defendant Lytle and his friends walked up to Andrew and Jane. They all began to talk and defendant Lytle began flirting with Jane.

"Jane agreed to go with the group including defendant Lytle, defendant Franklin and defendant Gulledge to a park and hung out there for a while playing with a puppy and talking.

"Defendant Lytle suggested that they all get alcohol and Jane chipped in money. Defendant Lytle had someone buy Thunderbird and Colt 45. The group went to another park, and they hung out there. At some point at the park Jane kissed defendant Lytle. Jane doesn't know how much she drank. A little while later she felt nauseous and dizzy. At this point it started getting dark and Jane told everyone that she needed to get home.

"Everyone started to walk back to the BART station. On the way Jane got sick and threw up. Defendant Lytle and Jane and at some point Andrew went down into BART and someone noticed that Jane was not doing well and told security. Defendant Lytle told Jane that they had to leave so they wouldn't get in trouble.

"The group took the bus to Oakland. Jane had no idea where they were. The group walked to Chabot School where defendant Lytle was once a student. Defendant Lytle took Jane up to a grassy area telling her they were going to Rockridge BART. Jane kept saying she wanted to go home. Defendant Lytle made a move on Jane and she pushed him away. Defendant Lytle started to hit her around the face, pushing her onto the ground and hit her in the head with the end of a screwdriver. Defendant Lytle kept hitting her in the head until she stopped fighting. Defendant Franklin and defendant Gulledge came up the hill onto the grassy area and joined in. The victim testified that she was raped by defendant Lytle, forced to orally copulate him and sodomize by him.

"Jane also testified that while she was held down, she was raped by another of the group and forced to orally copulate the third. After the attack was over Jane went screaming. She jumped in to the middle of the street, banged on car windows and ran to a stranger's house to get help."

Codefendant(s): Stacy Lytle (136007A) is scheduled for sentencing in Superior Court Department 002 on August 23, 2001.

Shawnte Gulledge (136665) is appearing for sentencing in Superior Court Department 002 on August 23, 2001.

Negotiated Plea: In a jury verdict on June 21, 2001, the defendant was found guilty of violating Penal Code 261(A)(2), Clauses 264.1,felony, Penal Code 261(A)(2) Clauses 261.1, felony, Penal Code 288A(D), felony and Penal Code 288A(D), felony.

Attorney Statements:

    District Attorney: Attached.

    Defense Attorney: Not received.

82

**FRANKLIN, DAMEON**                                                              Docket #: 136007B

Defendant's Statement Re Offense: In a video interview on July 3, 2001, the defendant stated: "I got drunk and happened to be in the wrong place at the wrong time. I didn't do what I should have done and left."

In an interview that took approximately one hour, the defendant then gave an account of the incident which is summarized as follows: The defendant along with Stacy, Shawnte, Andrew and Jessica (13-year-old female) were hanging out at the downtown Berkeley BART station when the victim approached and asked for a cigarette. After talking they agreed to buy some liquor and walk to Ohlone Park. They bought a six pack of Colt 45 and three bottles of Thunderbird. They then walked to Ohlone Park and began drinking the liquor. In addition, Stacy and Shawnte were flirting with the victim. The victim drank one half can of Colt 45 and one half bottle of Thunderbird. At one point the victim fell due to being intoxicated.

The group decided that they wanted a change of scenery and took the bus to Rockridge BART station. After getting off the bus, Stacy and Andrew had to hold the victim because she was too drunk to stand. The group then walked to Chabot School. Stacy and the victim then walked to a park above the school and had sex.

The defendant and Shawnte walked up to them after they stopped and the defendant asked: "Is it cool if we got a turn." The defendant indicated that the victim stated: "I'm not tripping." The defendant then got on top of the victim, but could not get an erection. The defendant then asked the victim to orally copulate him which she started; however, a car stopped at the park and she stopped.

The defendants, Stacy, Shawnte, and Jessica then left. Andrew stayed with the victim. Then next day Andrew told him that the victim stated that she had been raped. The defendant was asked why the victim would say that she was raped based upon his account of the incident and he stated: "Maybe afterwards, she felt she was taken advantage of because she was drunk."

Between the rape incident and being identified as a participant in the rape, the defendant was taken into custody on a separate incident. While in custody, the defendant reported that he was raped. The defendant was asked if there was a similarity between his rape and what happened to the victim and he stated: "She wasn't really participating like a willing participant. She was just lying there. It didn't look like she was willing to have sex."

Defendant's Statement Re Probation/Diversion: In a video interview on July 3, 2001, no statement was taken.

Victim Information:

Victim's Notification: On July 24, 2001 the victim's mother, Rosy Goins, was contacted via the phone. In addition, restitution recovery officer Inspector Cynthia Hall was also contacted.

4

83

FRANKLIN, DAMEON                                                        Docket #: 136007B

Victim's Statement: Ms. Goins stated that immediately after the rape incident that her daughter was in an extreme state of depression and constantly crying. Ms. Goins checked her daughter into Walnut Creek Mental Hospital where she was treated with anti-depressant medication by Dr. Wong. The long-term consequences of the rape incident on her daughter is that she suffers from nightmares and is socially withdrawn. In addition, she easily becomes frustrated with men (including father, stepfather and brother) and questions authority in general. As a result of questioning authority, the victim has moved from her mother and stepfather's home to her father's, grandmother's and has rented rooms in two different friends' homes. The victim is currently renting a room in a third friend's home. Ms. Goins stated that the private attorney's cross examination of her daughter during the trial of the defendants reinforced her daughter's question of authority.

Ms. Goins stated that her daughter was a tenth grader at Clayton Valley High School in Concord when the rape incident occurred. Ms. Goins stated her daughter could not function in school and that she cried sporadically and could not concentrate. In the past two and a half years, her daughter has not progressed past the tenth grade. In January of 2001, the victim registered for a home school program in Berkeley.

In reference to counseling, her daughter was receiving weekly counseling for about eight months through a rape victim's program. Currently, her daughter is looking for another counselor. Ms. Goins also talked about the emotional stress she has been experiencing, but has not sought counseling.

In reference to punishment for the defendants, Ms. Goins stated: "They should be locked up forever. They should go to a place where people treat them like they treat people."

Ms. Goins further indicated that the victim's natural father, herself and daughter plan to be in Court. In addition, her daughter plans to read a statement at sentencing.

According to Inspector Cynthia Hall, expenses have been awarded by the Victim's Compensation Board under claim numbers 529536 and 529538. In addition, Inspector Hall is recommended that a "to be determined" order be imposed.

Restitution: $960.25 restitution to Victim's Compensation Board, PO Box 1348, Sacramento, California 95812 - 1348.

Defendant's Statement of Assets Form: Attached.


Compliance with Section 296 of the Penal Code: Based upon a jury conviction of Penal Code 288, felony, the defendant is required to submit fingerprints, blood and saliva samples. According to CORPUS, the aforementioned has not been submitted as of July 31, 2001.

84

**FRANKLIN, DAMEON**

**Docket #: 136007B**

Time in Custody: 917 days

Arrest          Release          Status          Total
2-19-99                          In Custody       917 days

## SOCIAL FACTORS

Note: The defendant provided the following information unless otherwise noted.

Defendant's Living Situation: The defendant has been homeless in Berkeley since July of 1998. The defendant was receiving mail at his mother's address, 476 Creighton Way, Oakland, California. The defendant anticipates that his residency for the immediate future will be state prison.

Family Background: The defendant was born and raised in Oakland by his parents. The defendant's father, Lester Franklin, was a cooking instructor for San Francisco City College and deceased in 1987. The defendant's mother, Juanita Franklin, is a retired airline fleet clerk and she resides in Oakland. The defendant has two siblings (18 years an 20 years old). No one in the defendant's immediate family has a history of alcoholism, mental disorders or criminal convictions.

Marital History: The defendant has never been married or fathered any children.

Educational History: While in the 11th grade at Skyline High School, the defendant was expelled for fighting with a security guard. While in North County Jail, the defendant received his GED in 2001.

Employment History: Between March 1998 to June 1998, the defendant was employed as a short-order cook for the Oakland Hill Tennis Club in Oakland. The defendant earned $7.25 per hour and worked full time. The defendant quit his job due to personal problems.

Financial Status: The defendant has no assets and lists no liabilities.

Military History: None.

Medical/Mental Health History: The defendant appears to be in satisfactory mental and physical health.

Alcohol/Drug History: The defendant is 23 years old. The defendant started drinking beer and vodka at 15 years of age. The defendant indicated that he started drinking liquor seriously at 18 years of age until his arrest at 20 years of age. The defendant was drinking four to five days per week and getting drunk two to three days weekly. The defendant indicated he had an alcohol problem.

The defendant started smoking marijuana at 15 years of age. The defendant would smoke approximately one marijuana cigarette per month. The defendant denies using any other illegal drug.

6

**FRANKLIN, DAMEON**                                                    **Docket #: 136007B**

## SENTENCING FACTORS

Rule 413:      Probation Eligibility When Probation is Limited:

(b)            The defendant appears to be statutorily ineligible for probation absent unusual
               circumstances because of the provisions of Penal Code 1203.065(a).

Rule 414:      Criteria Affecting Probation:

Because the defendant is ineligible for probation, these factors will not be addressed.

Rule 421       Circumstances in Aggravation:

(a)    (1)     The defendant participated in the gang rape of a 15-year-old girl.

(a)    (3)     The victim was particularly vulnerable as she was only 15 years old and intoxicated at the
               time of the rape.

(b)    (4)     The defendant was on probation when the crime was committed.

Rule 423:      Circumstances in Mitigation:

None of the factors in regard to the crime or to the defendant appear applicable.

## EVALUATION

The defendant is a 22-year-old man that has been convicted by a jury of violating two counts of Penal
Code 261(A)(2) Clause 264.1, felony and two counts of Penal Code 288A(D), felony. The defendant
admits participating in group sex with a willing 15-year-old female, but denies being involved in a rape.
The defendant was on three years probation at the time of the offense. Prior to being arrested for the
offense, the defendant was placed on probation again in December of 1998 for a violation of Penal Code
211, felony.

According to the Probation Department's Adult Services Initial Classification and Program Assignment,
the defendant has been classified as a maximum threat to the community.

The defendant has participated in the gang-rape of a 15-year-old girl and the effects on the victim have
been devastating. With the current jury verdict, the defendant has been labeled as a predator and a threat
to society. The Probation Department concurs with the District Attorney's recommendation of state
prison.

## RECOMMENDATION

It is respectfully recommended that probation be denied, and that a restitution fine in the amount of
$800.00 be imposed pursuant to Section 1202.4(b) of the Penal Code.

7

6b

*Frank Tapia*

RE:              Dameon Franklin
PFN/CEN:         AYA853
Docket No:       136007B
Date of R&S:     August 23, 2001
Date of Conviction: June 21, 2001
DEPT:            2

Adult Probation Dept.
400 Broadway
Oakland, CA 94607

The following information is provided to assist you in your investigation concerning the above-named defendant.

### OFFENSE(S) WITH WHICH CHARGED:

Count 1:     Penal Code §261(a)(2)
    Clauses: 264.1
Count 2:     Penal Code §261(a)(2)
    Clauses: 264.1
Count 3:     Penal Code §288a(d)
Count 4:     Penal Code §288a(d)
Count 5:     Penal Code §286(d)
Count 6:     Penal Code §289(a)
    Clauses: 264.1

### OFFENSE(S) OF WHICH CONVICTED:

Count 1:     Penal Code §261(a)(2)
    Clauses: 264.1
Count 2:     Penal Code §261(a)(2)
    Clauses: 264.1
Count 3:     Penal Code §288a(d)
Count 4:     Penal Code §288a(d)

### VICTIM AND/OR CHIEF WITNESS:

Jane Doe (Corina Gallia)
Please see case file for address.

### SUMMARY OF OFFENSE:

On September 4, 1998 Jane Doe left work at about 5pm on her way to her mother's house in Concord. Jane walked up to a boy named Andrew and asked him if he had a light for her cigarette. Jane and Andrew began to. A few minutes later defendant Lytle and his friends walked up to Andrew and Jane. They all began to talk and defendant Lytle began flirting with Jane.

Jane agreed to go with the group including defendant Lytle, defendant Franklin and defendant Gulledge to a park and hung out there for a while playing with a puppy and talking.

Probation Letter
Page 2

Defendant Lytle suggested that they all get alcohol and Jane chipped in money. Defendant Lytle had someone buy Thunderbird and Colt 45. The group went to another park, and they hung out there. At some point at that park Jane kissed defendant Lytle. Jane doesn't know how much she drank. A little while later she felt nauseous and dizzy. At this point it started getting dark and Jane told everyone that she needed to get home.

Everyone started to walk back to the BART station. On the way Jane got sick and threw up. Defendant Lytle and Jane and at some point Andrew went down into BART and someone noticed that Jane was not doing well and told security. Defendant Lytle told Jane that they had to leave so they wouldn't get in trouble.

The group took the bus to Oakland. Jane had no idea where they were. The group walked to Chabot School where defendant Lytle was once a student. Defendant Lytle took Jane up to a grassy area telling her they were going to Rockridge BART. Jane kept saying she wanted to go home. Defendant Lytle made a move on Jane and she pushed him away. Defendant Lytle started to hit her around the face, pushing her onto the ground and hit her in the head with the end of a screwdriver. Defendant Lytle kept hitting her in the head until she stopped fighting. Defendant Franklin and defendant Gulledge came up the hill onto the grassy area and joined in. The victim testified that she was raped by defendant Lytle, forced to orally copulate him, and sodomized by him.

Jane also testified that while she was held down, she was raped by another of the group and forced to orally copulate the third.

Defendant Franklin admitted that he tried to rape the victim but was unable to remain erect. He admitted that he forced the victim to orally copulate him.

After the attack was over Jane went screaming. She jumped in to the middle of the street, banged on car windows and ran to a stranger's house to get help.

## SIGNIFICANT CRIMINAL HISTORY:
Penal Code §211 conviction    11-6-98

## RECOMMENDATION

The defendant faces a maximum of 36 years in the State Prison. It is recommended that the defendant be sentenced to 18 years in State Prison at 85% time as follows:

Count 1:    Aggravated 9 years
Count 2:    Aggravated 9 years consecutive
Count 3:    Midterm 7 years concurrent
Count 4:    Midterm 7 years concurrent

Factors in aggravation Rule 4.421:
(a)(1)    The defendant participated in the gang rape of a 15 year old girl. The victim was held down, beaten about the head with fists and a screw driver while the three defendants assaulted her.
(2)  While the defendant did not personally use a weapon in the attack, the victim testified that she was beaten about the head with a screwdriver and threatened with a knife. The screwdriver was found stuck into the ground at the scene. Two knives were also found at the scene.
(3) The victim was 15 years old at the time of the attack. The victim was also extremely intoxicated at the time of the attack.
(4) Not applicable to this defendant.
(5) Defendant Gulledge was a minor at the time of the attack. The defendant helped the minor commit this crime by holding the victim while the minor raped the victim.

Probation Letter

Page 3

(6) Not applicable to this defendant.

(7) The defendant could face a maximum of 36 years in state prison. The court, at its discretion, could sentence the defendant to fully consecutive terms on all four counts for which he was convicted.

(8) Not applicable to this defendant.

(9) Not applicable.

(10) Not applicable.

(11) Not applicable.

(b)(1)    The defendant joined in the raping of a 15 year old girl. He witnessed a portion of the attack and then joined the attack instead of helping the victim.

(2) After the defendant participated in this attack, he participated in a robbery for which there was a conviction. This shows that this act was not a single act that will never happen again. Defendant Franklin shows that he has no intention of ceasing his criminal behavior.

(3) Not applicable to this defendant.

(4) Not applicable to this defendant.

(5) Not applicable.

Factors in mitigation Rule 4.423:

(a)(1)    Not applicable.

(2) Not applicable.

(3) Not applicable.

(4) Not applicable.

(5) Not applicable.

(6) Not applicable.

(7) Not applicable.

(8) Not applicable.

(9) Not applicable.

(b)(1)    Not applicable.

(2) Not applicable.

(3) The defendant admitted participating in some of the attack.

(4) Not applicable.

(5) Not applicable.

(6) Not applicable.

For the above stated reasons and considerations, the People ask the Court to sentence the defendant to 18 years State Prison at 85% time.

Respectfully submitted,

THOMAS J. ORLOFF
DISTRICT ATTORNEY

By: _____

Danielle Hilton
Deputy District Attorney

89

**FRANKLIN, DAMEON**                                             **Docket #: 136007B**

If the sentence includes a period of parole, it is recommended that an additional restitution fine be imposed pursuant to Section 1202.45 of the Penal Code in the same amount, and that the fine be suspended unless parole is revoked.

Pay $960.25 restitution to Victim's Compensation Board. This order shall be enforceable as a Civil Judgement.

It is requested that a "to be determined" order be imposed pursuant to Penal Code Section 1203.4(f) and the Court shall maintain jurisdiction over the final restitution amount.

Date typed: 8-13-01                          Respectfully submitted,
bjm

                                             SYLVIA J. JOHNSON
Approved by:                                 CHIEF PROBATION OFFICER

                                             By: _____
_____
Steve K. Iwamoto                             Frank Tapia
Unit Supervisor                              Deputy Probation Officer

I have read and considered
the foregoing report.

_____
JUDGE
H:\HOME\CFA\AYA853\FRANKLIN R&S 8-23-01 FT.doc
01/26/00

**E X H I B I T #6**

**DECLARATION OF DAMEON RAY FRANKLIN ... PETITIONER**

91

**DECLARATION OF: DAMEON RAY FRANKLIN**

I, *Dameon Ray Franklin* Hereby Pose And Declare The Following:

That I am the petitioner in the foregoing Petition For Writ of Habeas Corpus

That I have carefully prepared and read said habeas corpus petition and know the same to be true and correct.

That **Rodney R. Jones** was appellate counsel as appointed by the Court of Appeal, First Appellate District.

2That during the appellate process appellate counsel at no time ever consulted with me nor had any contact with me whatsoever in reference to this matter.

That appellate counsel failed to research pertinent law available for preperation and submission to the Court of Appeal in my behalf resulting in said appellate case before the Court of Appeal resulting in my case being affirmed.

That omissions by appellate counsel and appellate counsel's failures rise to the level of ineffective assistance of counsel.

Under the penalty of perjury under the laws of the State of California I swear the foregoing to be true and correct to the best of my knowledge and belief.

**Dated this 28th day of September, 2007, at Delano, California**

92

S156786

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re DAMEON RAY FRANKLIN on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

MAR 1 9 2008

Frederick K. Ohlrich Clerk

_____

Deputy

_____
GEORGE
Chief Justice