IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON RAY FRANKLIN, | No. C 08-3811 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ANTHONY HEDGPETH, Warden, | |
| Respondent. / | |

Petitioner, a California prisoner currently incarcerated at Kern Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of two counts of forcible rape and two counts of forcible oral copulation. He was sentenced to eighteen years in prison. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner claims to have exhausted the claims he presents here by way of state habeas petitions, all of which were denied.

///

///

**DISCUSSION**

*A. Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) the sentencing court erred in selecting the upper term and consecutive sentences without justification, without complying with California law which requires that the court explain its reasons, and by using petitioner's guilt on count one to justify the upper term on count two; (2) his Sixth Amendment rights were violated by the sentencing court's use of facts not found by a jury to give him consecutive sentences and to sentence him to the upper term; (3) his Sixth and Fourteenth Amendment rights were violated when he was sentenced to consecutive terms and to the upper terms based on facts found by the judge and using a preponderance of the evidence standard; and (4) his appellate counsel was ineffective in not raising these issues on direct appeal.

In claim one, petitioner says that the sentencing court violated California law when it did not state its reasons for imposing the upper term and consecutive sentences. There is no

2

1 explicit claim that federal law was violated, and there is in fact no federal constitutional
2 requirement that reasons be given for sentences. The closest petitioner comes to a federal claim
3 is a statement that the jury rather than the judge should have considered whether aggravating
4 factors required imposition of the upper term and consecutive sentences (Pet. at 7a), but that
5 claim is covered in issues two and three, so may be disregarded as to claim one.

6 Federal habeas relief is unavailable for violations of state law or for alleged error in the
7 interpretation or application of state law, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and
8 that is all petitioner has alleged in claim one. It will be dismissed. The other claims are
9 sufficient to require a response.

## CONCLUSION

11 1. Claim one is **DISMISSED**.

12 2. The clerk shall mail a copy of this order and the petition with all attachments to the
13 respondent and the respondent's attorney, the Attorney General of the State of California. The
14 clerk shall also serve a copy of this order on the petitioner.

15 3. Respondent shall file with the court and serve on petitioner, within sixty days of
16 service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
17 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
18 Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
19 trial record that have been transcribed previously and that are relevant to a determination of the
20 issues presented by the petition.

21 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
22 court and serving it on respondent within thirty days of service of the answer.

23 4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
24 as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a
25 motion, petitioner shall file with the court and serve on respondent an opposition or statement of
26 non-opposition within thirty days of receipt of the motion, and respondent shall file with the
27 court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is
28 filed it will be ruled upon without oral argument, unless otherwise ordered.

1       5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August __18__, 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\FRANKLIN3811.ORD.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON RAY FRANKLIN,<br><br>           Plaintiff,<br><br>   v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>           Defendant.                                    / | Case Number: CV08-03811 WHA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Dameon Ray Franklin
T-29665/ C4-107
Kern Valley State Prison
PO Box 5103
Delano, CA 93216

Attorney General's Office
455 Golden Gate Ave
San Francisco, CA 94102

Dated: August 20, 2008

                                                       Richard W. Wieking, Clerk
                                                       By: D. Toland, Deputy Clerk