1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    DAMEON RAY FRANKLIN,                          No. C 08-3811 WHA (PR)

11                        Petitioner,               **ORDER GRANTING
                                                    RESPONDENT'S MOTION TO**
12       vs.                                        **DISMISS**

13    ANTHONY HEDGPETH, Warden,

14                        Respondent.
                                               /
15

16          This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254.

17   Respondent has filed a motion to dismiss the petition as barred by the statute of limitations.

18   The motion is unopposed.  For the reasons set out below, the motion is **GRANTED**.

19                                        **DISCUSSION**

20          The statute of limitations is codified at 28 U.S.C. 2244(d).  Petitions filed by prisoners

21   challenging non-capital state convictions or sentences must be filed within one year of the

22   latest of the date on which: (1) the judgment became final after the conclusion of direct

23   review or the time passed for seeking direct review; (2) an impediment to filing an application

24   created by unconstitutional state action was removed, if such action prevented petitioner from

25   filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right

26   was newly recognized by the Supreme Court and made retroactive to cases on collateral

27   review; or (4) the factual predicate of the claim could have been discovered through the

28   exercise of due diligence.  28 U.S.C. 2244(d)(1).  Time during which a properly filed

1 application for state post-conviction or other collateral review is pending is excluded from the

2 one-year time limit. *Id.* at 2244(d)(2).

3      On June 6, 2003, petitioner's conviction and sentence were affirmed on direct appeal

4 by the California Court of Appeal.  Because petitioner did not file a petition for review by the

5 California Supreme Court, the affirmance became final forty days later, on July 17, 2003.  *See*

6 Cal. R. Ct. 8.264, 8.5000(e)(1).  The statute of limitations deadline for petitioner to file his

7 federal habeas petition thus was July 17, 2004.  *See Patterson v. Stewart*, 251 F.3d 1243,

8 1246 (9th Cir. 2001) (holding that proper method of calculating federal habeas limitations

9 period is the "anniversary method," where, absent any tolling, the expiration date of the

10 limitation period will be the same date as the triggering event but in the following year).

11 Because he did not file his first state habeas petition until March, 2007, years after expiration

12 of the limitations period, petitioner is not entitled to statutory tolling for the time his state

13 petitions were pending.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

14 ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended

15 before the state petition was filed," even if the state petition was timely filed).

16      Petitioner did not file this petition until 2008, long after expiration of the limitations

17 period.  Because petitioner has not opposed the motion he has of course provided no basis for

18 tolling, and none is evident.  The motion will be granted.

19 **CONCLUSION**

20      Respondent's motion to dismiss (document number 3 on the docket) is **GRANTED**.

21 The petition is **DISMISSED**.  The clerk shall close the file.

22      **IT IS SO ORDERED.**

23 Dated:  March ___4___, 2009.

    WILLIAM ALSUP

24     UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.08\FRANKLIN3811.DSM-SL.wpd